UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHERRY JAMES as Special Administrator of the Estate of MALCOLM JAMES, deceased, <br><br> Plaintiff, <br><br> v. <br><br> RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, SGT. JUSTIN BRANDS, SGT ERLINDA RODRIGUEZ, OFFICER JONATHAN KOSKI, OFFICER ADRIAN PAYNE, OFFICER JOSUE DAVALOS-ALONSO OFFICER MICHAEL SAULYS, OFFICER CRISTAIN BRINDIS, OFFICER JUSTIN GAUDES MEnD CORRECTIONAL CARE, PLLC, and CRYSTAL KRISTAINSEN, <br><br> Defendants. | Case No. |

## **COMPLAINT AT LAW**

NOW COMES the Plaintiff, SHERRY JAMES, as Special Administrator of the Estate of MALCOLM JAMES, deceased, by and through her attorneys, The Memmen Law Firm, LLC. and O'Connor Law Firm, Ltd., and alleges the following against the RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, SGT. JUSTIN BRANDS, SGT ERLINDA RODRIGUEZ, OFFICER JONATHAN KOSKI, OFFICER ADRIAN PAYNE, OFFICER JOSUE DAVALOS-ALONSO, OFFICER MICHAEL SAULYS, OFFICER CRISTAIN BRINDIS, OFFICER JUSTIN GAUDES, MEnD CORRECTIONAL CARE, PLLC, and CRYSTAL KRISTAINSEN for the reasons set forth below:

## **JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights

1

Act of 1871, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331, § 1343, and § 1391(b); the Constitution of the United States; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367.

2. Defendants are residents of the State of Wisconsin. The acts complained of in this complaint occurred in Racine, Wisconsin. Accordingly, venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391.

## PARTIES

3. Decedent, Malcolm James was at all material times a resident of the State of Wisconsin, of full age and a pretrial detainee at Racine County Jail.

4. Plaintiff, SHERRY JAMES is Malcolm James' mother and has been appointed Special Administrator of the Estate of Malcolm James, deceased, has been issued letters of office on March 11, 2022 in the Probate Court of Racine County and standing to bring all Counts and Causes of Action stated herein.

5. Pursuant to Section 893.80(1), Wis. Stats., on August 10, 2021, notice was given to DEFENDANT RACINE COUNTY SHERRIFF'S DEPARMENT and the County has failed to respond to said notice giving the plaintiff the right to file suit in this matter. See attached as Exhibit A.

6. SGT. JUSTIN BRANDS, SGT ERLINDA RODRIGUEZ, OFFICER JONATHAN KOSKI, OFFICER ADRIAN PAYNE, OFFICER JOSUE DAVALOS- ALONSO, OFFICER MICHAEL SAULYS, OFFICER CRISTAIN BRINDIS, and OFFICER JUSTIN GAUDES, (hereinafter referred to collectively as "DEFENDANT OFFICERS") were at all times relevant residents of the State of Wisconsin and hereto employed by and acting on behalf of the RACINE COUNTY SHERIFF'S DEPARTMENT. DEFENDANT OFFICERS are sued

2

both individually and in their official capacities.

7. The RACINE COUNTY SHERIFF'S DEPARTMENT is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this complaint. THE RACINE COUNTY SHERIFF'S DEPARTMENT is also responsible for the contracts for Medical Services provided to the pretrial detainees at Racine County Jail.

8. RACINE COUNTY SHERIFF'S DEPARTMENT is the principal law enforcement agency that serves RACINE COUNTY. It operates the RACINE COUNTY JAIL and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. RACINE COUNTY SHERIFF'S DEPARTMENT was given custody and charge of Malcolm James and was responsible for Malcolm James protection as well as for the hiring, training, and supervision of all personnel, including those individuals contracted for medical services through MEnD CORRECTIONAL CARE, LLC, necessary to operate and maintain the Racine County Jail.

9. SHERIFF CHRISTOPHER SCHMALING was at all times relevant herein, the Sheriff of Racine County. As the duly elected Sheriff of Racine County, CHRISTOPHER SCHMALING operates in his official capacity at the Racine County Jail where he was given custody and charge of Malcolm James and was responsible for Malcolm James protection as well as for the hiring, training, and supervision of all personnel necessary to operate and maintain the Racine County Jail. He is sued in his official capacity.

10. At all times material to this Complaint, DEFENDANT OFFICERS, and SHERIFF CHRISTOPHER SCHMALING were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the RACINE

3

COUNTY SHERIFF'S DEPARTMENT and the State of Wisconsin. At all relevant times, DEFFENDANT OFFICERS, and SHERIFF CHRISTOPHER SCHMALING were acting under color of state law in their official capacity and in their individual capacities.

11. Defendant, MEnD CORRECTIONAL CARE, PLLC ("MEnD") is a Minnesota Corporation that at all times relevant, was contracted by the Racine County Sheriff to provide medical services for Racine County Jail pretrial detainees under the color of State Law. At all times material hereto, MEnD acted in concert with State actors, including the RACINE COUNTY SHERIFF'S DEPARTMENT, by providing medical care to pretrial detainees at the RACINE COUNTY JAIL. As a result, MEnD, and its employees, including but not limited to CRYSTAL KIRSTAINSEN, acted under color of State law for purposes of 42 U.S.C. §1983.

12. CRYSTAL KRISTIANSEN is a resident of Wisconsin and at all times relevant was employed by MEnD and was assigned to provide medical care and services to pretrial detainees at the Racine County Jail. CRYSTAL KRISTIANSEN is being sued in her individual capacity as well as official, employee/agent capacity, and was at all times relevant to this complaint duly appointed and acting as the actual or apparent agent/official/employee of the Racine County Jail, acting under color of law, to wit, under color of the statues, ordinances, regulations, polices, customs and usages of the State of Wisconsin.

**FACTUAL SUMMARY**

13. On or about May 28, 2021, Malcolm James called 911 in a mental health crisis requesting help.

14. Officer Thomas Bodnar was dispatched to Malcom James' home.

4

Case 2:22-cv-00344-PP  Filed 03/18/22  Page 4 of 19  Document 1

15. Malcom James was charged with numerous counts including arson, taken to Ascension hospital for observation, and subsequently taken to the Racine County Jail.

16. Between May 28, 2021, and June 1, 2021, Malcolm James was being ridiculed and not having his mental health needs addressed despite the staff observing a mental health crisis.

17. On or about June 1, 2021, Malcom James was being removed from his cell. At such time, the correctional emergency response team (herein after referred to as "CERT members"), SGT JUSTIN BRANDS, OFFICER KHADEJA DISMUKE, OFFICER MICHAEL SAULYS, OFFICER JOSUE DAVALOS-ALONSO, OFFICER ADREAN PAYNE AND OFFICER JONATHAN KOSKI entered Malcolm James cell, tased him, Oleoresin Capsicum (OC) sprayed him, handcuffed him and placed him in an emergency restraint chair with his waist, and feet shackled to the chair.

18. Malcolm was sprayed with Oleoresin Capsicum (hereinafter referred to as "OC"). The staff knew or should have known that most people sprayed will exhibit an inability to breath and should be monitored for 35 to 40 minutes pursuant to manufacturer and custom and practice. Rule 52 provides for this monitoring and specifically calls for any obese individuals with a medical condition to be monitored closely after OC spraying. During that monitoring, further restraints and/or restriction of air flow should not be put on the exposed individual.

19. Malcolm was not monitored for his breathing or any other side effects of the OC and was immediately placed in further restrictive positions that interfered with his ability to breathe.

5

20. Officers are required to contact medical assistance immediately when a person exposed to OC spray loses consciousness, stops breathing, hyperventilates or becomes incoherent. Medical personnel were not contacted to intervene when Malcolm was exhibiting distress in his breathing after exposure to multiple deployments of the OC spray to his person.

21. Unknown CERT officer/officers secured Malcom James's hands behind his back with handcuffs. At that time Malcolm James was being compliant and was completely subdued by officers.

22. DEFENDANT OFFICERS placed Malcolm James in a restraint chair without first removing the taser prongs, causing said prongs to become further imbedded into his body.

23. DEFENDANT OFFICERS then proceeded to attempt to remove the taser prongs by pushing Malcom James' head and neck forward and pulling/pushing down on his head, shoulders and back cutting off his airway.

24. Malcolm James begged and cried out to the DEFENDANT OFFICERS that he could not breathe during the first attempt to remove the taser prongs. DEFENDANT OFFICERS did not have or use the taser removal tool which could have easily removed the taser prongs in a matter of seconds.

25. Nurse CRYSTAL KRISTIANSEN was called to assist in the removal of the taser prongs but indicated she was unable to remove them and perhaps he should be transported to the hospital for assistance in removal.

26. SGT. JUSTIN BRANDS commanded the DEFENDANT OFFICERS to lean Malcolm James forward into the inverted choke hold position which Malcolm James had previously indicated to them caused him to be unable to breathe, in an attempt to remove the prongs first by hand which also failed.

6

27. Even though one of the officers suggested they contact Paramedics to remove the taser prongs when they were having difficulties and knew they could not be removed safely, they continued their attempts to remove the taser prongs and prolonged the inverted choke hold used on Malcolm.

28. One of the DEFENDANT OFFICERS explained to Malcolm James that the taser removal process would only take 5 to 10 seconds.

29. At some point, the handcuffs on Malcolm James come loose as he is gasping for breath. At no time was Malcolm James moving his hands or attempting to remove the handcuffs.

30. The DEFENDANT OFFICERS rushed to secure Malcolm James' hands into a double set of handcuffs.

31. DEFENDANT OFFICERS push/pulled Malcolm James even further forward into the inverted choke hold in their attempts to secure his hands.

32. After DEFENDANT OFFICERS secured Malcolm James' hands, they continue to attempt to remove the taser prongs first by hand and finally with the taser removal tool.

33. DEFENDANT OFFICERS had Malcom James leaned forward in an inverted choke hold, which placed him in a position wherein he could not breathe for three minutes and eight seconds (3:08).

34. SGT JUSTIN BRANDS, then asks DEFENDANT OFFICERS if Malcom is okay. They release the choke hold to check on Malcolm James.

35. Malcolm was nonresponsive at this time.

36. CRYSTAL KRISTIANSEN was called in to assess Malcom James.

37. CRYSTAL KRISTIANSEN was unable to locate a pulse and continued to attempt to locate his pulse and attempted smelling salts.

38. CRYSTAL KRISTIANSEN improperly used the smelling salts by covering Malcolm's nose and mouth several times, thereby creating another obstruction to his breathing/airway.

39. CRYSTAL KRISTIANSEN was incorrectly using the pulse oximeter machine; she had no knowledge as to the whereabouts of the AED and indicated they should call 911 after seven minutes and nine seconds (7:09) of failed attempts with smelling salts and trying to talk Malcolm back to life.

40. Malcom James was laid on the ground with the AED pads which indicate no shock is needed and CPR attempts should begin.

41. All personnel, including DEFEDANT OFFICERS were trained in CPR and yet the supervisor Sergeants did not direct the DEFENDANT OFFICERS to perform CPR or any other life saving techniques.

42. No personnel including DEFENDANT OFFICERS attempted CPR or any other resuscitation efforts. The paramedics arrived and began CPR minutes later.

43. Malcom James was pronounced dead on June 1, 2021. None of the actions by him warranted the deadly force used by DEFENDANT OFFICERS.

44. The RACINE COUNTY SHERIFF'S DEPARTMENT, and SHERIFF CHRISTOPHER SCHMALING knew that the officers at the jail had not been given adequate training in the use of a restraint chair, use and removal of tasers, submission holds on inmates, or proper CERT training and knew or should have known of a pattern and practice through its direct and/or indirect actions acquiesced and/or promoted such conduct of using excessive force by its officers when they knew or reasonably should have known was continuous and escalating.

45. Following this occurrence and despite having reviewed the video footage regarding this incident, SHERIFF CHRISTOPHER SCHMALING

8

Case 2:22-cv-00344-PP   Filed 03/18/22   Page 8 of 19   Document 1

purposefully and with the intention to cover up or deceive, put out a statement to the public that Malcolm James killed himself by slamming his head against the wall when he knew the coroner had determined that Malcolm James died from homicide with the cause of death being asphyxiation due to an encounter with officers.

46. As a direct and proximate result of one or more of the previously mentioned acts oromissions of the DEFENDANT OFFICERS, RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING, Malcom James was caused to suffer conscious pain and suffering due to asphyxiation up until his death and additional damages, including wrongful death damages for the loss suffered by his heirs and next of kin.

47. On or about June 1, 2021, and at all times relevant, the DEFENDANT OFFICERS were on duty and were duly appointed correctional officers for the RACINE COUNTY SHERIFF'S OFFICE. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought in both the official and individual capacity of DEFENDANT OFFICERS.

### Count I
### Excessive Force Claim Pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment against DEFENDANT OFFICERS CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT

48. The DEFENDANT OFFICERS' and CRYSTAL KRISTAINSEN's actions and/or the DEFENDANT OFFICERS' and CRYSTAL KRISTAINSEN's failure to intervene in the actions of the others amounted to an excessive and deadly use of force onto the person of Malcolm James, deceased, without justification.

49. That the conduct of the DEFENDANT OFFICERS and CRYSTAL

KRISTAINSEN constituted a deprivation of Malcolm James's, deceased, constitutionally protected rights, to wit: his Fourth and/or Fourteenth Amendment Rights afforded by the United States Constitution, while acting under the color of the law of the State of Wisconsin.

50. The aforementioned actions of the DEFENDANT OFFICERS and CRYSTAL KRISTAINSEN were the direct, and proximate cause in fact of the constitutional violations set forth herein.

51. That the aforementioned actions of the DEFENDANT OFFICERS and CRYSTAL KRISTAINSEN, were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Malcom James' Constitutionally protected rights.

52. That the above stated actions violated Malcom James' established statutorily or constitutionally protected rights which a reasonable person would have known.

53. As a direct and proximate result of the DEFENDANT OFFICERS' and CRYSTAL KRISTAINSEN's actions, Malcom James suffered substantial pain, suffering and loss of his life.

54. At all times relevant, DEFENDANT OFFICERS and CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, as the agents of the RACINE COUNTY SHERIFF'S DEPARTMENT, were acting under color of law.

WHEREFORE, Plaintiff demands compensatory damages from DEFENDANT OFFICERS CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT. Plaintiff demands judgment jointly and severally and further demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE,

PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT and any additional relief this Court deems equitable and just.

### Count II
### Wrongful Death
### PURSUANT TO 42. U.S.C. §1983 against DEFENDANT OFFICERS, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, AND RACINE COUNTY SHERIFF'S DEPARTMENT

55. That due to the RACINE COUNTY SHERIFF'S DEPARTMENT, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC and DEFENDANT OFFICERS's conduct, Malcom James, deceased, sustained severe bodily injuries which ultimately caused his death.

56. That at all times relevant to this Complaint, Malcom James, deceased, exercised due care for his own safety.

57. At all times relevant to this Complaint, DEFENDANT OFFICERS, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and the RACINE COUNTY SHERIFF'S DEPARTMENT, acting by and through its authorized agents and/or employees, owed Malcom James, deceased the duty to refrain from intentional and/or willful and wanton acts or omissions which could cause suffering or death to Malcom James.

58. DEFENDANT OFFICERS and RACINE COUNTY SHERIFF'S DEPARTMENT breached this duty by willfully and wantonly restraining Malcom James in a manner in which he was unable to breathe for an extended period of time, although they were previously aware that he could not breathe in this position, causing him great pain, suffering and ultimately his death.

59. As a direct and proximate result of one or more of the foregoing intentional and/or willful andwanton acts and/or omissions of the DEFENDANT OFFICERS and CRYSTAL KRISTAINSEN (individual defendants), Malcom James died on June 1, 2021.

60. The RACINE COUNTY SHERIFF'S is sued individually and pursuant to the doctrine of respondeat superior because the individual defendants performed the acts complained of while on duty and in the employ or as the agent and/or servant of the RACINE COUNTY SHERIFF and while acting in the scope of their employment or agency .

61. Malcom James left surviving him his mother, Plaintiff SHERRY JAMES; Father, Thoston Morehead; and his brothers Eric Morehead and Thomas James and his sisters, Khadijah James and Ashley Morehead (family members).

62. By reason of Malcom James's death, his family members have suffered pecuniary damages and have been deprived of the support,comfort, protection, and society of Malcom James and have suffered grief and sorrow.

63. That due to the DEFENDANT OFFICERS, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT's actions, the Plaintiff was caused to suffer damages, including wrongful death damages for the loss suffered by his heirs and next of kin.

64. That DEFENDANT OFFICERS' and CRYSTAL KRISTAINSEN's actions against Malcom James exhibited excessive force as well as a reckless or callous indifference to Malcom James's federally protected rights. As such, punitive damages are warranted.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, , CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT. Plaintiff demands judgment jointly and severally and further demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS, , CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL

CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT and any additional relief this Court deems equitable and just.

### Count III
### Failure to Protect
### DEFENDANT OFFICERS, RACINE COUNTY
### and RACINE COUNTY SHERIFF'S DEPARMENT

65. Each individual DEFENDANT OFFICERS used excessive force against Malcom James' person.

66. Each DEFENDANT OFFICERS had the ability and opportunity to stop the other from using excessive force against Plaintiff but failed to do so.

67. By reason of these acts and/or omissions by each DEFENDANT OFFICERS, Malcolm James was deprived of his rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted there under.

68. The physical violence inflicted upon Plaintiff by each of DEFENDANT OFFICERS was unnecessary, unreasonable, and excessive and was therefore a violation of Plaintiff's Fourth and Fourteen Amendment Rights. Therefore, DEFENDANT OFFICERS' are liable to Plaintiff pursuant to 42 U.S.C §1983.

69. The RACINE COUNTY SHERIFF'S DEPARTMENT is sued individually and pursuant to the doctrine of respondeat superior because the individual defendants performed the acts complained of while on duty and in the employ of the RACINE COUNTY SHERIFF'S DEPARMENT and while acting in the scope of their employment and/or agency.

WHEREFORE, PLAINTIFF demands Compensatory damages from DEFENDANT OFFICERS and the RACINE COUNTY SHERIFF'S DEPARTMENT. Plaintiff demands judgment against all DEFENDANT OFFICERS and the RACINE COUNTY SHERIFF'S DEPARTMENT jointly and

13

severally and further demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS and the RACINE COUNTY SHERIFF'S DEPARTMENT and any additional relief this Court deems equitable and just.

## COUNT IV
### Indemnification claims against
### RACINE COUNTY SHERIFF'S DEPARTMENT

70. In the event that any individual defendant is found liable for their actions performed in the course of their employment and/or agency, the RACINE COUNTY SHERIFF'S DEPARTMENT, they must indemnify such employee for this verdict pursuant to Wisconsin Statute §180.0851.

WHEREFORE, Plaintiff demands that the RACINE COUNTY SHERIFF'S DEPARTMENT, pay any compensatory judgment against individual defendants who acted in the course of their employment and/or agency.

## COUNT V
### Monell claim against Defendants RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING

71. This count is brought pursuant to the 42. U.S.C. §1983 and the Constitution of the United States.

"When execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983." *Id.* at 694; *see Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

72. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING had knowledge of a pattern and practice among the RACINE COUNTY JAIL and DEFENDANT OFFICERS for the officers to use a dangerous method of pushing an inmate forward, cutting off the air flow to control inmate and routinely using excessive force with people held in custody or

14

as pretrial detainees.

73. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, and SHERIFF CHRISTOPHER SCHMALING, perpetuated, tolerated, and fostered the DEFENDANT OFFICERS use of excessive force during the detention of accused individuals by refusing and failing to take corrective actions and continuing to allow the RACINE COUNTY SHERIFF'S DEPARTMENT to use excessive force and unsafe techniques during the detention of accused individuals.

74. SGT ERLINDA RODRIGUEZ was the supervisor on duty on the date of incident. She has routinely, over the years, as it relates to African American detainees said, "Jimmy Cracked Corn and I don't care"; which is a reference to slavery and shows an attitude of discrimination and utter disregard for the care and safety of African American detainees.

75. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHAMLING's acceptance of the pattern and practice among the RACINE SHERIFF'S DEPARTMENT'S OFFICERS to use excessive force and unsafe techniques during the detention of accused individuals created a practice, although notwritten or express municipal policy, so widespread, permanent, and settled that it constituted a custom or usage within the RACINE COUNTY SHERIFF'S DEPARTMENT's correctional officers.

76. The policy, practice, custom and/or procedure of Defendants RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING caused the violation of the Plaintiff's Civil rights.

WHEREFORE, Plaintiff demands Compensatory damages from the RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING. Plaintiff demands judgment against both defendants and further demands punitive damages, costs, and attorney's fees against the RACINE

COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING and any additional relief this Court deems equitable and just.

## COUNT VI
## 42. U.S.C. §1983 – negligent training and supervisor for Defendants RACINE COUNTY SHERIFF'S DEPARTMENT, and SHERIFF CHRISTOPHER SCHMALING

77. Defendants RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING, as supervisory employees, acted with callous or reckless indifference to the rights of pretrial detainees, failed to properly supervise, instruct, and train correctional and medical staff in the recognition of inmates with serious health needs, proper techniques and timing of inmate restraints, the proper removal of taser prongs, and location of life saving devices.

78. Defendants were acting under the color of law, acted with deliberate indifference to Malcolm James life, medical needs, and rights in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

79. Defendants subjected Malcolm James to these deprivations of his rights either maliciously or by acting with reckless disregard for whether his rights would be violated .

80. Malcolm James, died as direct and proximate result of these Defendants actions.

WHEREFORE, Plaintiff demands Compensatory damages from the RACINE COUNTY SHERIFF'S DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING. Plaintiff demands judgment against both defendants and further

demands punitive damages, costs, and attorney's fees against the RACINE COUNTY SHERIFF'S DEPARTMENT and any additional relief this Court deems equitable and just.

## COUNT VII
### Medical indifference/negligence claim
### MEnD and CRYSTAL KRISTIANSEN

81. At all times material herein, RACINE COUNTY SHERIFF'S DEPARTMENT contracted with MEnD to provide medical and mental health services to the pretrial detainees in its custody.

82. MEnD was and is solely owned by Dr. Leonard, a family practice physician, who is the President and Chief Medical Officer of MEnD

83. MEnD has advertised as providing "low cost" care to jails.

84. Rather than provide constitutionally protected oversight and care, MEnD attempts to premise its medical treatment on self-created, standardized forms and risk assessments that have no basis in diagnostic or interventional medicine.

85. The sum of MEnD's business model is to save counties money through the appearance of medical care by using made-up forms, while providing constitutionally deficient medical care with constitutionally deficient oversight by qualified providers.

86. MEnD was deliberately indifferent to the serious medical needs of Malcolm James, at the RACINE COUNTY JAIL, which resulted in his death.

87. MEnD's deliberate indifference to the serious medical needs of its inmates

is further detailed in other federal civil rights litigation and publicly available news stories. See e.g., Perry v. Beltrami County, 19-cv-2580 (D. Minn.); see also Rudolph v. MEnD Correctional Care, PLLC, 18-cv-1020 (D. Minn.); and Valiant v. Leonard, MD et al, 21-cv-72 (D. Minn.).

88. Defendant CRYSTAL KIRSTIANSEN was not familiar with how to use a pulse oximeter or where the AED's were kept when Malcom James was nonresponsive. These are basic tools of medicine and necessary and medical personnel must be proficient in the use and location of these tools.

89. Defendant CRYSTAL KRISTIANSEN did not immediately provide emergency medical assistance to Malcolm James when he became nonresponsive. When the AED machine advised CPR to begin, CRYSTAL KRISTAINSEN did not begin CPR or any other resuscitation efforts.

90. Approximately one minute and 20 seconds later, paramedics arrived and resuscitation efforts were started.

91. Malcolm James was unable to be resuscitated and was subsequently pronounced dead.

92. Defendant, CRYSTAL KRISTIANSEN, had a duty to provide for the safety and general wellbeing of Malcolm James.

93. Defendant, CRYSTAL KRISTIANSEN acted under the color of law, acted with deliberate indifference to Malcolm James life-threatening medical needs.

94. Defendant, CRYSTAL KRISTIANSEN subjected Malcolm James to the

18

deprivation of his rights by acting with reckless disregard.

95. CRYSTAL KRISTENSEN's acts and omission were a proximate cause of Malcolm James's death or failure to revive him.

WHEREFORE, Plaintiff demands Compensatory damages from MEnD and CRYSTAL KRISTIANSEN. Plaintiff demands judgment against both defendants and further demands punitive damages, costs, and attorney's fees against the MEnD and any additional relief this Court deems equitable and just.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully Submitted,

/s/ Alexander McH. Memmen
One of the Attorneys for Plaintiff

The Memmen law Firm LLC.
Alexander McH. Memmen #1060976
505 N. LaSalle Drive, Suite 500
Chicago, IL 60654
(312) 313-0054
AMM@memmenlaw.com

O'Connor Law Firm, Ltd.
Kevin O'Connor
19 S. LaSalle Street, Suite 1400
Chicago, Illinois 60603
(312) 906-7609
firm@koconnorlaw.com
Application for Pro Hac Vice Pending