# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

SHERRY JAMES as Special Administrator
of the Estate of MALCOLM JAMES, deceased,

Plaintiff,

Case No. 22-cv-00344

v.

RACINE COUNTY SHERIFF'S
DEPARTMENT, SHERIFF CHRISTOPHER
SCHMALING, SGT. JUSTIN BRANDS, SGT. ERLINDA
RODRIGUEZ, OFFICER JONATHAN
KOSKI, OFFICER ADRIAN PAYNE,
OFFICER JOSUE DAVALOS-ALONSO,
OFFICER MICHAEL SAULYS,
OFFICER CRISTAIN BRINDIS,
OFFICER JUSTIN GAUDES,
MEnD CORRECTIONAL CARE, PLLC, and
CRYSTAL KRISTAINSEN,

Defendants.

---

**DEFENDANTS, RACINE COUNTY SHERIFF'S DEPARTMENT, SHERIFF CHRISTOPHER SCHMALING, SGT. JUSTIN BRANDS, SGT. ERLINDA RODRIGUEZ, OFFICER JONATHAN KOSKI, OFFICER ADRIAN PAYNE, OFFICER JOSUE DAVALOS-ALONSO, OFFICER MICHAEL SAULYS, OFFICER CRISTAIN BRINDIS AND OFFICER JUSTIN GAUDES' ANSWER TO THE PLAINTIFF'S COMPLAINT**

---

Defendants, Racine County Sheriff's Department, Sheriff Christopher Schmaling, Sgt. Justin Brands, Sgt. Erlinda Rodriguez, Officer Jonathan Koski, Officer Adrian Payne, Officer Josue Davalos-Alonso, Officer Michael Saulys, Officer Cristain Brindis and Officer Justin Gaudes (hereinafter "the County Defendants"), by their attorneys, Crivello Carlson, S.C., answer the Plaintiff's Complaint as follows:

## JURISDICTION

1.      Answering Paragraph 1, the County Defendants admit that this is a purported civil action seeking damages and attorney's fees for federal claims brought pursuant to 42 U.S.C. § 1983, the United States Constitution against the County Defendants and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367. As to the remaining allegations against defendants MEnD Correctional, Care, PLLC, and Crystal Kristainsen, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

2.      Answering Paragraph 2, the County Defendants aver that they are unable to confer jurisdiction by admission and therefore deny the allegations contained therein; as further answer, the County Defendants admit that they are all residents of the State of Wisconsin and admit that the Complaint alleges that the actions of the County Defendants occurred in Racine County.  The County Defendants lack knowledge and information sufficient to form a belief as to the truth of any remaining allegations against any of the other named defendants contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

2

## PARTIES

3.      Answering Paragraph 3, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

4.      Answering Paragraph 4, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

5.      Answering Paragraph 5, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

6.      Answering Paragraph 6, the County Defendants affirmatively admit that Sgt. Justin Brands, Sgt. Erlinda Rodriguez, Officer Jonathan Koski, Officer Adrian Payne, Officer Josue Davalos- Alonso, Officer Michael Saulys, Officer Cristain Brindis, and Officer Justin Gaudes (hereinafter "the defendant officers") were civil Corrections Officers at all relevant times mentioned herein and were employed by the Racine County Sheriff's Department.  As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

3

7.     Answering paragraph 7, the County Defendants deny that the Racine County Sheriff's Department ("RCSD") is a duly incorporated municipal corporation or is the employer and principal of the defendant officers, as well as the other officers and/or employees referred to in this complaint. Defendants affirmatively admit that the RCSD is a department of Racine County, which is a duly incorporated municipal corporation and is the employer and principle of the defendant officers. Defendants further admit that the RCSD is the department responsible for the contracts for Medical Services provided to the pretrial detainees at Racine County Jail and is responsible for the operations and management of the Racine County Jail. Pursuant to Wis. Stat. § 302.336(2), "Prisoners confined in the county jail are in the legal custody of the county sheriff or other keeper of the jail." Pursuant to § 302.336(2), "The sheriff or other keeper is legally responsible for any such prisoner's confinement; maintenance; care, including medical and hospital care. . . ." Pursuant to Wis. Admin. Code § DOC 350.14(1), "The sheriff shall provide or secure necessary medical and mental health treatment and emergency dental care for inmates in custody." At all times relevant to Plaintiff's claims, the County Defendants were acting under color of law.

8.     Answering paragraph 8, the County Defendants admit that the RCSD is the principal law enforcement agency that serve Racine County.  The County Defendants deny that the that the RCSD is the employer and principal of the defendant officers.  The County Defendants affirmatively admit that the defendant

4

officers are employees of Racine County. The County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

9.     Answering paragraph 9, the County Defendants admit that Sheriff Christopher Schmaling was the elected Sheriff of Racine County. As further answer, the County Defendants deny that plaintiffs' allegations are accurate or complete and, therefore, deny the same. As further answer to the remaining allegations in this paragraph, the County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted as to capacity in which they are being sued and, therefore, deny the same.

10.     Answering paragraph 10, the County Defendants admit that Sheriff Schmaling and the defendant officers were acting under color of law. As further answer, the County Defendants deny that plaintiffs' allegations are accurate or complete and, therefore, deny the same. As to the remaining allegations, the County Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted as to capacity in which they are being sued and, therefore, deny the same.

11.     Answering Paragraph 11, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

12. Answering Paragraph 12, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

## FACTUAL SUMMARY

13. Answering Paragraph 13, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

14. Answering Paragraph 14, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

15. Answering Paragraph 15, the County Defendants admit that Malcolm James was taken to the Racine County Jail. As to the remaining allegations, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

16.     Answering Paragraph 16, the County Defendants deny and put Plaintiffs to their proof thereon.

17.     Answering paragraph 17, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

18.     Answering paragraph 18, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

19.     Answering Paragraph 19, the County Defendants deny and put Plaintiffs to their proof thereon.

20.     Answering paragraph 20, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

21.     Answering paragraph 21, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs

specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

22.     Answering paragraph 22, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

23.     Answering Paragraph 23, the County Defendants deny and put Plaintiffs to their proof thereon.

24.     Answering paragraph 24, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

25.     Answering paragraph 25, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

26. Answering Paragraph 26, the County Defendants deny and put Plaintiffs to their proof thereon.

27. Answering Paragraph 27, the County Defendants deny and put Plaintiffs to their proof thereon.

28. Answering paragraph 28, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

29. Answering paragraph 29, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

30. Answering paragraph 30, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

31. Answering Paragraph 31, the County Defendants deny and put Plaintiffs to their proof thereon.

32.     Answering paragraph 32, the County Defendants deny that Plaintiffs'
description is complete or correct, and therefore deny the same putting Plaintiffs
specifically to their proof thereon. As further answer, the County Defendants deny
any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights
were not violated or infringed by the County Defendants.

33.     Answering Paragraph 33, the County Defendants deny and put
Plaintiffs to their proof thereon.

34.     Answering paragraph 34, the County Defendants deny that Plaintiffs'
description is complete or correct, and therefore deny the same putting Plaintiffs
specifically to their proof thereon. As further answer, the County Defendants deny
any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights
were not violated or infringed by the County Defendants.

35.     Answering paragraph 35 the County Defendants deny that Plaintiffs'
description is complete or correct, and therefore deny the same putting Plaintiffs
specifically to their proof thereon. As further answer, the County Defendants deny
any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights
were not violated or infringed by the County Defendants.

36.     Answering paragraph 36, the County Defendants deny that Plaintiffs'
description is complete or correct, and therefore deny the same putting Plaintiffs
specifically to their proof thereon. As further answer, the County Defendants deny

10

any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

37.     Answering paragraph 37, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

38.     Answering Paragraph 38, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

39.     Answering Paragraph 39, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

40.     Answering paragraph 40, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

11

41.     Answering paragraph 41, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

42.     Answering Paragraph 42, the County Defendants deny and put Plaintiffs to their proof thereon.

43.     Answering paragraph 43 the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

44.     Answering Paragraph 44, the County Defendants deny and put Plaintiffs to their proof thereon.

45.     Answering Paragraph 45, the County Defendants deny and put Plaintiffs to their proof thereon.

46.     Answering Paragraph 46, the County Defendants deny and put Plaintiffs to their proof thereon.

47.     Answering Paragraph 47, the County Defendants admit that the Defendant Officers were on duty and were duly appointed correctional officers of the Racine County Sheriff's Department. the County Defendants further admit that the

12

Defendant Officers were on duty and acted within the scope of their employment, deny and put Plaintiffs to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

**Count I**
**Excessive Force Claim Pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment against DEFENDANT OFFICERS CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, and RACINE COUNTY SHERIFF'S DEPARTMENT**

48. Answering Paragraph 48, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

49. Answering Paragraph 49, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

50. Answering Paragraph 50, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient

13

to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

51.     Answering Paragraph 51, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

52.     Answering Paragraph 52, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

53.     Answering Paragraph 53, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

54.     Answering Paragraph 54, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient

to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

**Count II**
**Wrongful Death**
**PURSUANT TO 42. U.S.C. §1983 against DEFENDANT OFFICERS, CRYSTAL KRISTAINSEN, MEnD CORRECTIONAL CARE, PLLC, AND RACINE COUNTY SHERIFF'S DEPARTMENT**

55.    Answering Paragraph 55, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers and the Racine County Sheriff's Department.  As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

56.    Answering Paragraph 56, the County Defendants deny and put Plaintiffs to their proof thereon.

57.    Answering paragraph 57, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

58.    Answering Paragraph 58, the County Defendants deny and put Plaintiffs to their proof thereon.

15

59.     Answering Paragraph 59, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

60.     Answering Paragraph 60, the County Defendants assert that this allegation asserts a legal conclusion to which no response is required.  To the extent that a response is required, the County Defendants admit that the Defendant Officers were on duty and were employed as correctional officers with the RCSD at the time of the allegations. the County Defendants further admit that the Defendant Officers acted within the scope of their employment.  As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

61.     Answering Paragraph 61, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

62.     Answering Paragraph 62, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

63. Answering Paragraph 63, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

64. Answering Paragraph 64, the County Defendants deny and put Plaintiffs to their proof thereon as to the allegations against the Defendant Officers. As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

**Count III**
**Failure to Protect**
**DEFENDANT OFFICERS, RACINE COUNTY**
**and RACINE COUNTY SHERIFF'S DEPARMENT**

65. Answering Paragraph 65, the County Defendants deny and put Plaintiffs to their proof thereon.

66. Answering paragraph 66, the County Defendants deny that Plaintiffs' description is complete or correct, and therefore deny the same putting Plaintiffs specifically to their proof thereon. As further answer, the County Defendants deny any allegation of improper conduct and affirmatively alleges that Plaintiffs' rights were not violated or infringed by the County Defendants.

17

67.     Answering Paragraph 67, the County Defendants deny and put Plaintiffs to their proof thereon.

68.     Answering Paragraph 68, the County Defendants deny and put Plaintiffs to their proof thereon.

69.     Answering Paragraph 69, the County Defendants assert that this allegation asserts a legal conclusion to which no response is required.  To the extent that a response is required, the County Defendants admit that the Defendant Officers were on duty and were employed as correctional officers with the RCSD at the time of the allegations. the County Defendants further admit that the Defendant Officers acted within the scope of their employment.  As further answer, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

**COUNT IV**
**Indemnification claims against**
**RACINE COUNTY SHERIFF'S DEPARTMENT**

70.     Answering Paragraph 70, the County Defendants assert that this allegation asserts a legal conclusion to which no response is required.  To the extent that a response is required, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

18

## COUNT V
## Monell claim against Defendants RACINE COUNTY SHERIFF'S
## DEPARTMENT and SHERIFF CHRISTOPHER SCHMALING

71. Answering Paragraph 71, the County Defendants assert that this allegation asserts a legal conclusion to which no response is required. To the extent that a response is required, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

72. Answering Paragraph 72, the County Defendants deny and put Plaintiffs to their proof thereon.

73. Answering Paragraph 73, the County Defendants deny and put Plaintiffs to their proof thereon.

74. Answering Paragraph 74, the County Defendants deny and put Plaintiffs to their proof thereon.

75. Answering Paragraph 75, the County Defendants deny and put Plaintiffs to their proof thereon.

76. Answering Paragraph 76, the County Defendants deny and put Plaintiffs to their proof thereon.

## COUNT VI
## 42. U.S.C. §1983 – negligent training and supervisor for Defendants
## RACINE COUNTY SHERIFF'S DEPARTMENT,
## and SHERIFF CHRISTOPHER SCHMALING

19

77. Answering Paragraph 77, the County Defendants deny and put Plaintiffs to their proof thereon.

78. Answering Paragraph 78, the County Defendants deny and put Plaintiffs to their proof thereon.

79. Answering Paragraph 79, the County Defendants deny and put Plaintiffs to their proof thereon.

80. Answering Paragraph 80, the County Defendants deny and put Plaintiffs to their proof thereon.

## COUNT VII
## Medical indifference/negligence claim
## MEnD and CRYSTAL KRISTIANSEN

81. Answering Paragraph 81, the County Defendants admit.

82. Answering Paragraph 82, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

83. Answering Paragraph 83, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

84. Answering Paragraph 84, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained

20

therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

85.     Answering Paragraph 85, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

86.     Answering Paragraph 86, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

87.     Answering Paragraph 87, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

88.     Answering Paragraph 88, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

89.     Answering Paragraph 89, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

90.     Answering Paragraph 90, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

91.     Answering Paragraph 91, the County Defendants admit.

92.     Answering Paragraph 92, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

93.     Answering Paragraph 93, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

94.     Answering Paragraph 94, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

95.     Answering Paragraph 95, the County Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained

therein, and therefore deny the same putting Plaintiffs specifically to their proof thereon.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the Complaint, Defendants, Racine County Sheriff's Department, Sheriff Christopher Schmaling, Sgt. Justin Brands, Sgt. Erlinda Rodriguez, Officer Jonathan Koski, Officer Adrian Payne, Officer Josue Davalos-Alonso, Officer Michael Saulys, Officer Cristain Brindis and Officer Justin Gaudes respectfully submit the following:

A.      the injuries and damages sustained by the plaintiffs, if any, were caused in whole or in part by the acts or omissions of the plaintiffs;

B.      the plaintiffs have failed to mitigate their damages;

C.      the injuries and damages sustained by the plaintiffs, if any, were caused in whole or in part by the acts and omissions of persons other than these answering Defendants;

D.      the Complaint contains claims which fail to state a claim upon which relief may be granted against these answering Defendants;

E.      the plaintiffs are prevented from a right of recovery against these Defendants because of an intervening or superseding cause;

F.      these Defendants are immune from suit under common law and statutory immunities;

G.      all of the acts of these answering Defendants were in good faith and not motivated by malice or the intent to harm;

23

H.      to the extent that the plaintiffs intend to pursue any state law claims against these answering Defendants, such claims are limited, capped, subject to immunity and/or barred by the provisions of Wis. Stat. § 893.80;

I.      these Defendants are entitled to immunities, including qualified immunity;

J.      the plaintiffs failed to exhaust administrative remedies available for relief available other than pursuit of a lawsuit in federal district court; and

K.      these answering Defendants reserve the right to amend this Answer and to assert additional affirmative defenses as discovery proceeds.


**WHEREFORE**, these answering Defendants respectfully request judgment as follows:

1.      for a dismissal of the Plaintiffs' Amended Complaint upon its merits;

2.      for reasonable actual attorney's fees pursuant to 42 U.S.C. § 1988(3);

3.      for the costs, disbursements and fees of this action; and

4.      for such other relief as this Court deems just and equitable.

**THE DEFENDANTS DEMAND A TRIAL BY JURY**

24

Dated this 20th day of May 2022.

By: /s Steven C. McGaver
      SAMUEL C. HALL, JR.
      State Bar No. 1045476
      STEVEN C. MCGAVER
      State Bar No. 1051898
      Attorneys for Defendants, Racine County Sheriff's Department, Sheriff Christopher Schmaling, Sgt. Justin Brands, Sgt. Erlinda Rodriguez, Officer Jonathan Koski, Officer Adrian Payne, Officer Josue Davalos-Alonso, Officer Michael Saulys, Officer Cristain Brindis and Officer Justin Gaudes

      CRIVELLO CARLSON, S.C.
      710 N. Plankinton Avenue, Suite 500
      Milwaukee, WI 53203
      Phone: (414) 271-7722
      Fax: (414) 271-4438
      E-mail:     shall@crivellocarlson.com
                 smcgaver@crivellocarlson.com