SHERRY JAMES as Special Administrator
of the Estate of MALCOLM JAMES, deceased,

    Plaintiffs,       Case No. 22-CV-344

v.

RACINE COUNTY SHERIFF'S
DEPARTMENT, SHERIFF
CHRISTOPHER SCHMALING,
SGT. JUSTIN BRANDS, SGT ERLINDA
RODRIGUEZ, OFFICER JONATHAN
KOSKI, OFFICER ADRIAN PAYNE,
OFFICER JOSUE DAVALOS-ALONSO
OFFICER MICHAEL SAULYS,
OFFICER CRISTAIN BRINDIS,
OFFICER JUSTIN GAUDES,
MEnD CORRECTIONAL CARE, PLLC, and
CRYSTAL KRISTAINSEN,

    Defendants.

## MEnD CORRECTIONAL CARE, PLLC AND CRYSTAL KRISTIANSEN's ANSWER TO THE COMPLAINT

NOW COME the Defendants MEnD Correctional Care, PLLC and Crystal Kristiansen (improperly spelled as Kristainsen) (hereinafter, "the MEnD defendants"), by their Attorneys, Otjen Law Firm, S.C., and as and for an Answer to the Plaintiff's Complaint admit, deny, and affirmatively allege as follows:

### **JURISDICTION**

1.  In answer to ¶ 1 of the Complaint, the MEnD defendants admit that the instant lawsuit purports to be a civil action seeking damages and attorneys fees for federal claims brought pursuant to 42 U.S.C. § 1983, and the United States Constitution against the MEnD defendants and the district court's supplemental jurisdiction powers under 28 U.S.C. § 1367. As to any further

1

allegations contained in ¶ 1, including any allegations against the county defendants, MEnD defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon. The MEnD defendants deny any allegation of improper conduct and affirmatively allege that the MEnD defendants did not violate or otherwise infringe the plaintiff's rights in any way.

2.      In answer to ¶ 2 of the Complaint, the MEnD defendants affirmatively state that they cannot confer jurisdiction by way of admission, and therefore deny any and all allegations contained in ¶ 2 of the Complaint addressed to the MEnD defendants. Deny that defendant MEnD is a resident of the state of Wisconsin. Admit that the acts alleged in the Complaint are alleged to have occurred in Racine, Wisconsin. As to any and all further allegations contained in ¶ 2 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

3.      In answer to ¶ 3 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

4.      In answer to ¶ 4 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

5.      In answer to ¶ 5 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

6. In answer to ¶ 6 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

7. In answer to ¶ 7 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

8. In answer to ¶ 8 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

9. In answer to ¶ 9 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

10. In answer to ¶ 10 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

11. In answer to ¶ 11 of the Complaint, admit that MEnD Correctional Care is a corporation. Admit that MEnD has provided medical care to certain detainees of the Racine County Jail. As to any and all further allegations contained in ¶ 11 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

12. In answer to ¶ 12 of the Complaint, admit that Crystal Kristiansen provided medical care and services to certain detainees of the Racine County Jail for a period of time. As to any and all further allegations contained in ¶ 12 of the Complaint, answering defendants deny knowledge

3

sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

13. In answer to ¶ 13 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

14. In answer to ¶ 14 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

15. In answer to ¶ 15 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

16. In answer to ¶ 16 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

17. In answer to ¶ 17 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

18. In answer to ¶ 18 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

19. In answer to ¶ 19 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

4

20.     In answer to ¶ 20 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

21.     In answer to ¶ 21 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

22.     In answer to ¶ 22 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

23.     In answer to ¶ 23 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

24.     In answer to ¶ 24 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

25.     In answer to ¶ 25 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

26.     In answer to ¶ 26 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

27.     In answer to ¶ 27 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

28.     In answer to ¶ 28 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

29.     In answer to ¶ 29 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

30.     In answer to ¶30 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

31.     In answer to ¶ 31 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

32.     In answer to ¶ 32 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

33.     In answer to ¶ 33 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

34.     In answer to ¶ 34 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

35.     In answer to ¶ 35 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

36.     In answer to ¶ 36 of the Complaint, the MEnD defendants deny that the allegations and descriptions contained in ¶ 36 are complete or correct, and therefore deny and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct on the part of Crystal Kristiansen, and affirmatively allege that plaintiff's rights were not violated nor infringed by the MEnD defendants, including Crystal Kristiansen.

37.     In answer to ¶ 37 of the Complaint, the MEnD defendants deny that the allegations and descriptions contained in ¶ 37 are complete or correct, and therefore deny and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct on the part of Crystal Kristiansen, and affirmatively allege that plaintiff's rights were not violated nor infringed by the MEnD defendants, including Crystal Kristiansen.

38.     In answer to ¶ 38 of the Complaint, the MEnD defendants deny that the allegations and descriptions contained in ¶ 38 are complete or correct, and therefore deny and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct on the part of Crystal Kristiansen, and affirmatively allege that plaintiff's rights were not violated nor infringed by the MEnD defendants, including Crystal Kristiansen.

39.     In answer to ¶ 39 of the Complaint, the MEnD defendants deny that the allegations and descriptions contained in ¶ 39 are complete or correct, and therefore deny and put the plaintiffs

to their strict proof thereon. The MEnD defendants further deny any allegation of improper conduct on the part of Crystal Kristiansen, and affirmatively allege that plaintiff's rights were not violated nor infringed by the MEnD defendants, including Crystal Kristiansen.

40. In answer to ¶ 40 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

41. In answer to ¶ 41 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

42. In answer to ¶ 42 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

43. In answer to ¶ 43 of the Complaint, the MEnD defendants deny any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way by the MEnD defendants. As to any and all further allegations contained in ¶ 43 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

44. In answer to ¶ 44 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

45. In answer to ¶ 45 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

46. In answer to ¶ 46 of the Complaint, MEnD defendants state that the allegations of ¶ 46 are directed to parties or individuals other than the MEnD defendants, and therefore no response is required from the MEnD defendants. To the extent that a response is required, the MEnD defendants deny any allegation of improper conduct on the part of the MEnD defendants, and affirmatively state that plaintiff's rights were not violated or infringed by the MEnD defendants. As to any further allegations contained in ¶ 46 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

47. In answer to ¶ 47 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

48. In answer to ¶ 48 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 48 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

49. In answer to ¶ 49 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 49 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

9

50.    In answer to ¶ 50 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 50 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

51.    In answer to ¶ 51 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 51 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

52.    In answer to ¶ 52 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 52 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

53.    In answer to ¶ 53 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 53 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants,

deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

54.     In answer to ¶ 54 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen.  As to any and all further allegations contained in ¶ 54 of the Complaint, including but not limited to any allegation asserted against any individual or entity other than one of the MEnD defendants, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.  Further deny that any plaintiffs are entitled to damages from or on behalf of Crystal Kristiansen or MEnD Correctional Care in any amount and for any reason.

55.     In answer to ¶ 55 of the Complaint, answering defendants deny each and every allegation directed to Crystal Kristiansen and/or MEnD Correctional Care.  As to any and all further allegations contained in ¶ 55 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

56.     In answer to ¶ 56 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

57.     In answer to ¶ 57 of the Complaint, answering defendants deny each and every allegation directed to MEnD and Crystal Kristiansen, and affirmatively state that plaintiffs rights were not violated or infringed by the MEnD defendants in any way.  As to any and all further allegations contained in ¶ 57 of the complaint, deny knowledge sufficient to form a belief as to the

truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

58. In answer to ¶ 58 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 58 are not directed to any of the MEnD defendants, and therefore no answer is required. To the extent that an answer to the allegations of ¶ 58 is required, MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

59. In answer to ¶ 59 of the Complaint, answering defendants deny each and every allegation of ¶ 59 that is directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. As to any and all further allegations contained in ¶ 59, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

60. In answer to ¶ 60 of the Complaint, the MEnD defendants assert that the allegations of ¶ 60 are not directed to any of the MEnD defendants, and therefore no answer is required. To the extent that an answer to the allegations of ¶ 60 of the Complaint is required, the answering MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

61. In answer to ¶ 61 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

62. In answer to ¶ 62 of the Complaint, answering defendants deny that any plaintiff suffered any damage due to any alleged act or omission of any of the MEnD defendants, including but not limited to, MEnD and Crystal Kristiansen. As to any and all further allegations contained

in ¶ 62 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

63. In answer to ¶ 63 of the Complaint, answering defendants deny each and every allegation directed to Crystal Kristiansen and/or MEnD Correctional Care. As to any and all further allegations contained in ¶ 63 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

64. In answer to ¶ 64 of the Complaint, answering defendants deny each and every allegation directed to any MEnD defendant, including but not limited to, Crystal Kristiansen. Deny that any plaintiff is entitled to any damages from or on behalf of Crystal Kristiansen and/or MEnD Correctional Care, in any amount and for any reason. As to any and all further allegations contained in ¶ 64 of the Complaint, deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

65. In answer to ¶ 65 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 65 are directed to individuals or entities other than the MEnD defendants, and therefore no answer is required. To the extent that an answer is required, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

66. In answer to ¶ 66 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 66 are directed to individuals or entities other than the MEnD defendants, and therefore no answer is required. To the extent that an answer is required, the MEnD defendants

deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

67.    In answer to ¶ 67 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 67 are directed to individuals or entities other than the MEnD defendants, and therefore no answer is required.  To the extent that an answer is required, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

68.    In answer to ¶ 68 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 68 are directed to individuals or entities other than the MEnD defendants, and therefore no answer is required.  To the extent that an answer is required, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

69.    In answer to ¶ 69 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 69 are not directed to any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 69 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.  Further deny that any plaintiff is entitled to any damages in any amount and for any reason from any MEnD defendant.

70.    In answer to ¶ 70 of the Complaint, the answering MEnD defendants assert that the allegations of ¶ 70 are not directed to any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 70 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations

contained therein and therefore deny and put the plaintiffs to their strict proof thereon. Further deny that any plaintiff is entitled to any damages in any amount and for any reason from any MEnD defendant.

71.     In answer to ¶ 71 of the Complaint, the answering MEnD defendants assert and state that the allegation contained in ¶ 71 asserts a legal conclusion to which no response is required. To the extent that a response is required, the MEnD defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

72.     In answer to ¶ 72 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 72 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 72 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

73.     In answer to ¶ 73 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 73 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 73 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

74.     In answer to ¶ 74 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 74 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 74

of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

75. In answer to ¶ 75 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 75 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 75 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

76. In answer to ¶ 76 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 76 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 76 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

77. In answer to ¶ 77 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 77 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 77 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

78. In answer to ¶ 78 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 78 are directed to individuals or entities other than any MEnD defendant, and

therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 78 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

79.     In answer to ¶ 79 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 79 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 79 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

80.     In answer to ¶ 80 of the Complaint, the answering MEnD defendants state that the allegations of ¶ 80 are directed to individuals or entities other than any MEnD defendant, and therefore no answer is required. To the extent that an answer is required to the allegations of ¶ 80 of the Complaint, the MEnD defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

81.     In answer to ¶ 81 of the Complaint, admit that MEnD provided certain medical services for a period of time at the Racine County Jail. As to any and all further allegations contained in ¶ 81 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

82.     In answer to ¶ 82 of the Complaint, admit that Dr. Leonard is a physician who has served at various times as the President and Chief Medical Officer of MEnD. As to any and all

further allegations contained in ¶ 82 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

83.     In answer to ¶ 83 of the Complaint, the answering MEnD defendants deny that the description contained in ¶ 83 is complete or correct, and therefore deny any and all such allegations, and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way or at any time by the MEnD defendants.

84.     In answer to ¶ 84 of the Complaint, the answering MEnD defendants deny that the description contained in ¶ 84 is complete or correct, and therefore deny any and all such allegations, and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way or at any time by the MEnD defendants.

85.     In answer to ¶ 85 of the Complaint, the answering MEnD defendants deny that the description contained in ¶ 85 is complete or correct, and therefore deny any and all such allegations, and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way or at any time by the MEnD defendants.

86.     In answer to ¶ 86 of the Complaint, answering defendants deny each and every allegation contained in ¶ 86.

87.     In answer to ¶ 87 of the Complaint, the answering MEnD defendants deny that the description contained in ¶ 87 is complete or correct, and therefore deny any and all such allegations, and put the plaintiffs to their strict proof thereon.  The MEnD defendants further deny

any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way or at any time by the MEnD defendants.

88.     In answer to ¶ 88 of the Complaint, answering defendants deny each and every allegation contained therein.

89.     In answer to ¶ 89 of the Complaint, answering defendants deny each and every allegation contained therein.

90.     In answer to ¶ 90 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

91.     In answer to ¶ 91 of the Complaint, answering defendants deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore deny and put the plaintiffs to their strict proof thereon.

92.     In answer to ¶ 92 of the Complaint, the answering MEnD defendants deny that the description contained in ¶ 92 is either complete or correct, and therefore deny those allegations, and put the plaintiffs to their strict proof thereon.  Moreover, the MEnD defendants deny any allegation of improper conduct and affirmatively state that plaintiff's rights were not violated or infringed in any way by any of the MEnD defendants.

93.     In answer to ¶ 93 of the Complaint, answering defendants deny each and every allegation contained therein.

94.     In answer to ¶ 94 of the Complaint, answering defendants deny each and every allegation contained therein.

95.     In answer to ¶ 95 of the Complaint, answering defendants deny any and all allegations directed to Crystal Kristiansen and/or any MEnD defendant.  Further deny that any

plaintiff is entitled to any damages in any amount and for any reason, from or on behalf of any of the MEnD defendants, including but not limited to Crystal Kristiansen.

## AFFIRMATIVE DEFENSES

As and for Affirmative Defenses to Plaintiffs' Complaint, Defendants MEnD Correctional Care, PLLC and Crystal Kristiansen hereby state and assert as follows:

1.      Plaintiffs' Complaint fails to state a claim against Crystal Kristiansen and/or MEnD Correctional Care, PLLC upon which relief can be granted.

2.      At all times material, Defendant MEnD and/or Crystal Kristiansen possessed and used that degree of skill and learning customarily possessed and used by similarly situated professionals under similarly situated circumstances.

3.      At all times relevant to matters alleged in Plaintiffs' Complaint, Crystal Kristiansen and MEnD Correctional Care, PLLC acted in good faith and in accordance with established federal and state laws and administrative rules, and all applicable standards of care.

4.      Any state law claim asserted by Plaintiff against Crystal Kristiansen and MEnD Correctional Care, PLLC may be subject to the requirements, provisions, terms, conditions and limitations of Wis. Stats. § 893.80 or 893.82, including limitations on damages.

5.      The liability of Crystal Kristiansen and MEnD Correctional Care, PLLC under any state law claim for medical malpractice is strictly controlled and limited pursuant to the provisions of Wisconsin state law, including but not limited to, the provisions of Wisconsin statutes Chapters 893, 895 and 655, and Wisconsin caselaw interpreting those chapters.

6.      Wisconsin statute Ch. 655 exclusively governs medical malpractice claims under Wisconsin state law, and plaintiffs are barred from recovery of punitive damages against these answering Defendants, on any claim for medical malpractice under Wisconsin law.

7.     Any claim for punitive damages asserted against Crystal Kristiansen and MEnD Correctional Care, PLLC is barred as it represents an unconstitutional violation of Crystal Kristiansen and MEnD Correctional Care, PLLC's rights, privileges and protections securing due process of laws and prohibiting double jeopardy and cruel and unusual punishment as provided by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution in Article 1, §§ 6, 8 & 9 of the Wisconsin Constitution.

8.     The Complaint of the Plaintiff fails to state a viable claim for a denial of civil rights under 28 U.S.C. § 1983 and/or § 1988, or otherwise as to Crystal Kristiansen and/or MEnD Correctional Care, PLLC.

9.     The injuries and damages, if any, alleged to have been sustained by plaintiffs, were a direct result of one or more preexisting conditions of Malcolm James, which were in no way caused by or contributed to by any act or omission on the part of Crystal Kristiansen and/or MEnD Correctional Care, PLLC.

10.    Any injuries allegedly sustained by the Plaintiffs were caused by third parties over whom Crystal Kristiansen and/or MEnD Correctional Care, PLLC had no duty to anticipate or right to control.

11.    Plaintiffs' claims against these answering Defendants may be barred in whole or in part by a failure to effect proper service of process, or applicable statutes of the limitations or repose.

12.    Plaintiffs may have failed to join all parties necessary to the complete adjudication of this matter, including but not limited to, parties making payment for medical expenses incurred herein.

13.    The Plaintiffs may have failed to mitigate their damages.

14.     Any medical treatment provided to Malcolm James at all times material was professionally acceptable and met the applicable standard of care at all times.

15.     To the extent Crystal Kristiansen and/or MEnD Correctional Care, PLLC are subject to civil rights claims, they are entitled to absolute or qualified immunity.

16.     All or a portion of Plaintiffs' Complaint is subject to, or barred by, the doctrines of comparative negligence, contributory negligence, and/or of superseding cause.

17.     Defendants Crystal Kristiansen and/or MEnD Correctional Care, PLLC cannot be found liable on any asserted federal claim for the actions of any other individual or entity under a theory of respondeat superior, or supervisory liability.

18.     Any damages alleged to have been sustained by Plaintiffs were caused by intervening and/or superseding causes over which Crystal Kristiansen and/or MEnD Correctional Care, PLLC had no control.

19.     All or portions of Plaintiffs' Complaint against Crystal Kristiansen and MEnD Correctional Care, PLLC must be dismissed pursuant to the doctrine of discretionary immunity.

20.     Plaintiffs' claims are subject to, and limited by, the Wisconsin State and Federal Prison Litigation Reform Acts, including but not limited to the provisions of § 801.02(7) Wis. Stats., 814.29(1m), Stats.; 28 U.S.C. 1915(b) and 42 U.S.C. 1997e.

21.     Plaintiffs' claims against these answering Defendants may be barred either in whole or in part by the doctrines of waiver, estoppel, and/or laches.

22.     Plaintiffs assumed the risk, and therefore these answering Defendants owed no duty to the Plaintiffs.

23.     Any action or inaction by Crystal Kristiansen and/or any agent or employee of Defendant MEnD, was not a direct or proximate cause of any injury to any Plaintiff.

24. Neither Crystal Kristiansen, MEnD, nor any employee or agent thereof were deliberately indifferent to any serious medical need of any inmate or detainee of the Racine County Jail, including but not limited to Malcolm James. As such, Plaintiffs' federal claims against these answering Defendants must be dismissed.

25. Plaintiffs have failed to state a viable claim against MEnD and against Crystal Kristiansen for damages under 42 U.S.C. § 1983 in Count 1 of the Complaint.

26. Plaintiffs have failed to state a claim for wrongful death under 18 U.S.C. 1983 against MEnD and against Crystal Kristiansen in Count 2 of the Complaint.

27. Plaintiffs have failed to state a state law medical malpractice claim against MEnD and Crystal Kristiansen.

28. Wisconsin law does not permit an individual, like Crystal Kristiansen, who is not a "health care provider" under Ch. 655 of the Wisconsin statutes to be individually named or sued on a state law claim for medical malpractice, and plaintiffs have therefore failed to state a claim directly against Crystal Kristiansen for medical malpractice under Wisconsin law.

29. Plaintiffs' state law medical malpractice claims against MEnD and/or Crystal Kristiansen are not so related to claims in the action over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution, and thus this Court lacks jurisdiction over such state law claims.

30. Plaintiffs have failed to comply with the mandatory medical mediation provisions of Ch. 655 of the Wisconsin statutes relative to plaintiffs' state law medical malpractice claim.

31. These answering Defendants incorporate herein by reference all defenses set forth under Rule 12 of the Federal Rules of Civil Procedure.

23

32.     Crystal Kristiansen and MEnD Correctional Care, PLLC adopt and incorporate by reference any and all Affirmative Defenses asserted previously or to be asserted in the future by any other Defendant in this lawsuit to the extent such affirmative defenses are not raised herein, and are not inconsistent with the defenses raised by Crystal Kristiansen and MEnD Correctional Care, PLLC.

33.     Crystal Kristiansen and MEnD Correctional Care, PLLC reserve the right to assert any additional Affirmative Defenses which may become available during the pendency of this action and as discovery continues.

WHEREFORE, defendants Crystal Kristiansen and MEnD Correctional Care, PLLC demand judgment dismissing the plaintiffs' Complaint on the merits with prejudice, and for such other relief as the Court deems just and proper, including the award of these answering defendants' reasonable attorney fees and expenses.

**TRIAL BY A JURY OF 12 IS HEREBY DEMANDED.**

Dated this 17th day of June, 2022.

**OTJEN LAW FIRM, S.C.**
Attorneys for Defendants MEnD
Correctional, PLLC and Crystal Kristiansen

*s/ Jason J. Franckowiak*
Jason J. Franckowiak, SBN 1030873

**PO ADDRESS**
20935 Swenson Drive, Suite 310
Waukesha, WI 53186
Phone: 262-777-2222
Fax: 262-777-2201
jfranckowiak@otjen.com

24