UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERRY JAMES,
as Special Administrator of the Estate of Malcom James,

        Plaintiff,

v.                               Case No. 22-cv-344-pp

RACINE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

        Defendants.

---

## ORDER GRANTING PARTIES' JOINT EXPEDITED MOTION TO MODIFY SCHEDULING ORDER (DKT. NO. 40)

---

The parties ask the court again to amend the scheduling order and extend their deadlines, including the now-elapsed deadline for the plaintiff to disclose her expert witnesses (which was October 3, 2023). Dkt. No. 40.

The parties recount the procedural history of this case, which includes the court's entry of the original Scheduling Order on July 14, 2022 (Dkt. No. 23); the court's orders staying and administratively closing (and then reopening) this case pending defendant MEnD Correctional Care's bankruptcy proceedings (Dkt. Nos. 26, 33, 35); and the court's multiple extensions of the deadlines as a result of the stay or by the request of one or more parties (Dkt. Nos. 29, 31, 37, 39). Id. at 2–3. The parties note that they met to confer about the scheduling order on August 24, 2023, after defendants MEnD Correctional Care and Crystal Kristiansen filed a motion to extend their deadlines (Dkt. No. 38), which the court received on August 17, 2023. Id. at 3–4. They say that, "[d]espite diligent efforts of the parties, the deadlines set in the scheduling order cannot not be met." Id. at 1.

1

The parties cite Federal Rule of Civil Procedure 16, which they say provides "[t]he standard for amending scheduling orders." Id. at 4. They note that the court may modify a scheduling order "'only for good cause and with the judge's consent.'" Id. (quoting Fed. R. Civ. P. 16(b)(4)). The parties cite cases for the propositions that when deciding the motion, the court must "evaluate the diligence of the party seeking the amendment," and the "movant 'must show that despite its diligence, the timetable could not reasonably have been met.'" Id. (citing Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011); and quoting Barnes v. Wal-Mart Stores East, L.P., No. 12–CV–326, 2014 WL 2938395, at *1 (N.D. Ind. Jun. 30, 2014)). The parties then conclude, without further discussion, that they "have also established good cause and acted with diligence in participating in the August 24, 2023 meet and confer to discuss workable dates and deadlines." Id.

The parties do not provide any reason why they are unable to meet the deadlines, despite the court's frequent extensions. They simply say that they met and conferred about the deadlines on August 24, 2023, and determined that they could not meet them. The court commends the parties for meeting to confer about their need for an extension of time and for filing a joint motion with their proposed new deadlines; because they have diligently worked together to agree on new deadlines, the court will grant their joint motion to modify the scheduling order. The court encourages the parties to continue to work together to abide by these new deadlines. If the parties find themselves unable to meet these latest deadlines, the court may schedule a hearing for the parties to appear in order to update the court as to the status of the case and their proposed next steps.

The court **GRANTS** the parties' joint motion to modify the scheduling order. Dkt. No. 40.

The court **ORDERS** that the deadlines are **EXTENDED** as follows:

The plaintiff shall disclose the identities of expert witnesses, along with reports and supporting documentation, no later than the end of the day on **January 31, 2024**.

The defendants shall disclose the identities of expert witnesses, along with reports and supporting documentation, no later than the end of the day on **May 3, 2024**.

The parties shall complete all discovery no later than the end of the day on **July 29, 2024**.

A party wishing to file dispositive motions must do so by the end of the day on **August 26, 2024**. The response and reply deadlines mandated by Civil Local Rules 7 and 56 shall apply. The parties shall file a joint status report by August 26, 2024, if they choose not to file dispositive motions.

Dated in Milwaukee, Wisconsin this 13th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**