UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHERRY JAMES,

Plaintiff,

v.                                                                  Case No. 22-cv-344-pp

RACINE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

Defendants.

## ORDER GRANTING PLAINTIFF'S MOTIONS TO MODIFY SCHEDULING ORDER (DKT. NOS. 73, 80) AND SETTING FINAL DEADLINES FOR PARTIES TO COMPLETE ALL DISCOVERY AND FILE DISPOSITIVE AND/OR <u>DAUBERT</u> MOTIONS

On December 27, 2024, the court adopted the parties' proposed extended deadlines and modified the September 27, 2024 scheduling order to set deadlines of April 14, 2025 for the parties to disclose expert witnesses; May 12, 2025 for the parties to complete discovery; and July 7, 2025 for the parties to file dispositive and/or <u>Daubert</u> motions. Dkt. No. 70. The court told the parties that in lieu of dispositive motions, they could file a joint status report by July 7, 2025. <u>Id.</u> at 3.

On May 9, 2025, the court received the plaintiff's Civil Local Rule 7(h) expedited, non-dispositive motion to modify the scheduling order. Dkt. No. 73. The plaintiff says that all parties disclosed their experts by the April 14, 2025 deadline, then worked together to schedule depositions of the defendants' seven experts. <u>Id.</u> at ¶¶2–3. The plaintiff says that the parties determined that they would be "unable to complete all the remaining discovery before the May 12, 2025, discovery cutoff," including scheduling depositions of the defendants'

expert witnesses. Id. at ¶4. The plaintiff requests a sixty-day extension of the discovery deadline, which defense counsel does not oppose. Id. at ¶¶6–7.

The plaintiff also requests an extension of her deadline to disclose rebuttal expert opinions under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). Id. at ¶8. Under that rule, the deadline was May 14, 2025—thirty days after the defendants' Rule 26(a)(2) disclosures—and the plaintiff now seeks a thirty-day extension to accommodate the plaintiff's depositions of the defendants' expert witnesses. Id. The plaintiff had not scheduled those depositions as of the May 9, 2025 motion, but in a June 23, 2025 supplement, counsel for defendants MEnD Correctional Care and Crystal Kristiansen says those depositions are now scheduled for July 1 through 11, 2025. Dkt. No. 79.

The defendants oppose the plaintiff's request for additional time to disclose rebuttal opinions. Dkt. No. 73 at ¶9; Dkt. No. 75. Defense counsel recounts that none of the previous scheduling orders or requests to modify the scheduling order "have contemplated rebuttal opinions;" defense counsel suggests that the plaintiff is trying to avoid "multiple *Daubert* challenges." Dkt. No. 75 at 2–3. Defense counsel emphasizes that the plaintiff already has submitted "'supplemental' expert reports" that purport to respond to at least two of the defendants' expert witness reports. Id. at 3. Defense counsel asserts that including "a deadline for Plaintiff to disclose rebuttal opinions in the scheduling order is inappropriate at this stage of litigation." Id. Defendants MEnD Correctional and Kristiansen filed their own motion to partially modify the scheduling order—requesting that the court extend the deadlines for completion of discovery and filing of dispositive/Daubert motions. Dkt. No. 80.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that "[a]bsent a stipulation or a court order," a party must disclose expert testimony that "is

intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Because the defendants disclosed their expert witness testimony on April 14, 2025, the plaintiff had until May 14, 2025 by which to disclose any rebuttal testimony. Although the May 14, 2025 deadline was not expressly included in any previous scheduling order, Rule 26 always provided that deadline, and no court order or stipulation said otherwise. In addition, "[a] rebuttal report is not a supplemental report used to supplement opinions or provide additional information . . . . 'A rebuttal expert is one whose opinions are intended solely to contradict or rebut evidence on the same subject matter . . . .'" Raab v. Wendel, Case No. 16-CV-1396, 2019 WL 13155219, at *3 (E.D. Wis. Nov. 14, 2019) (quoting Scholz v. United States, Case No. 16-CV-1052, 2019 WL 2303769 at *3 (E.D. Wis. May 30, 2019) (internal quotation omitted)). Even though the plaintiff previously submitted supplemental reports that relied in part on the defendants' expert opinions, those supplemental reports are not the same as a rebuttal opinion that is used *solely* to contradict or rebut another expert's opinion rather than to supplement a previous report.

The court previously told the parties that it would not again extend the deadlines for discovery or dispositive motions or otherwise modify the scheduling order. See Dkt. No. 66. Nonetheless, the requests to extend the discovery deadline are unopposed, and the court finds it appropriate in the interests of all parties to extend the deadlines for the parties to complete *all* discovery—including any rebuttal opinions under Rule 26(a)(2)(D)(ii)—and to file dispositive and/or Daubert motions. The court will grant the plaintiff's

motions to modify the scheduling order and will provide new **and final** **deadlines** at the end of this order.

The plaintiff also filed a motion to compel discovery from defendant Sheriff Christopher Schmaling. Dkt. No. 74. In his response, Schmaling stated that he "ha[d] provided Plaintiff with supplemental discovery responses," so the plaintiff's motion to compel was moot. Dkt. No. 77 at 2. The plaintiff since has filed a notice of withdrawal of the motion to compel, confirming that she has received all requested documents. Dkt. No. 81. The clerk's office has modified the docket to show that the plaintiff has withdrawn the motion to compel.

The court **GRANTS** the motions to modify the scheduling order. Dkt. Nos. 73, 80.

The court **ORDERS** that the December 27, 2024 scheduling order (Dkt. No. 70) is **MODIFIED** as follows:

The plaintiff must disclose all expert rebuttal opinions by **August 11, 2025**—thirty days from the date of the last-scheduled deposition of the defendants' expert witnesses.

The parties must complete discovery by **August 22, 2025**.

The parties must file dispositive and/or Daubert motions by **September 22, 2025**.

Dated in Milwaukee, Wisconsin this 30th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4