UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERRY JAMES,

                Plaintiff,

v.                                                   Case No. 22-cv-344-pp

RACINE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S THIRD (DKT. NO. 84) AND FOURTH (DKT. NO. 88) MOTIONS TO COMPEL AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO SEAL DEPOSITION TRANSCRIPT (DKT. NO. 87)**

---

On June 30, 2025, the court granted the parties' unopposed requests "to extend the deadlines for the parties to complete *all* discovery . . . and to file dispositive and/or Daubert motions." Dkt. No. 83. The court modified the December 27, 2024 scheduling order and set "new **and final deadlines**" of August 22, 2025 for the parties to complete discovery and September 22, 2025 for the parties to file dispositive and/or Daubert motions. Id. at 4 (emphasis in original).

Before the court are the plaintiff's third, dkt. no. 84, and fourth, dkt. no. 88, motions to compel discovery and the defendants' motion to seal a deposition transcript, dkt. no. 87.

**I.    Plaintiff's Civil Local Rule 7(h) Expedited Non-Dispositive Third Motion to Compel (Dkt. No. 84)**

The plaintiff's third motion to compel asks the court to order Racine County Sheriff Christopher Schmaling to appear for a deposition. Dkt. No. 84.

The plaintiff asserts that during a deposition of Michael Luell, a lieutenant with the Sheriff's Department, Luell testified that Sheriff Schmaling "was the impetus for revising the Sheriff's Department's policies when he took office." Id. at ¶2. The plaintiff says that Schmaling had "final policy-making authority" for policies at the Sheriff's Department, including the policy for "emergency restraint chairs" used during the events underlying the claims in this case. Id. at ¶¶2, 5. The motion asserts that on July 7 and 18, 2025, the plaintiff sent emails to defense counsel requesting dates to depose Schmaling. Id. at ¶3. She says that counsel did not respond, but did respond to a third email sent on July 24, objecting to the deposition. Id. The plaintiff says that the court should allow her to depose Schmaling because she asserts a Monell claim against the Sheriff's Department, the sheriff is an elected government official and "'there is some reason to believe that the deposition will produce or lead to admissible evidence.'" Id. at ¶4 (quoting Olivieri v. Rodriguez, 122 F.3d 406, 409–10 (7th Cir. 1997)). The plaintiff reports that Schmaling is on the defendants' Rule 26 witness list and may be an intended trial witness, so the plaintiff "is entitled to depose him in discovery." Id. at ¶6.

  The defendants oppose the motion. Dkt. No. 85. The defendants assert that the plaintiff is not entitled to depose Sheriff Schmaling unless she can show that the Sheriff's testimony "'will likely lead to the discovery of admissible evidence,'" that that testimony "'is essential'" to the plaintiff's case and that the "evidence is 'not available through an alternative source or via less burdensome means.'" Id. at 2 (quoting Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis.

1994) (emphasis added by defendants)). The defendants contend that the plaintiff has not identified any *essential* testimony from Schmaling. Id. They assert that Lieutenants Luell (whom the plaintiff discussed in her motion to compel) and Eric Luther have provided deposition testimony about "the creation and maintenance of policies related to the emergency restraint chair," and the plaintiff has not asserted that their testimony was insufficient. Id. at 2–3. The defendants state that the sheriff is not an appropriate deponent simply because he is a named defendant and a potential trial witness. Id. at 3 (citing Hacker v. Dart, Case No. 17 C 4282, 2018 WL 1177916, *1 (N.D. Ill. Mar. 6, 2018)).

The defendants also recount that the plaintiff's November 27, 2024 notice of deposition sought a December 19, 2024 deposition date for a representative of the Racine County Sheriff's Department *and* for Sheriff Schmaling. Id. at 2 n.1; Dkt. No. 86-1 at 1–2. Among the stated subject areas for this deposition were Sheriff's Department policies "related to the use of emergency restraint chairs, procurement of medical care for inmate mental health crises, and removal of taser prongs" in May to June 2021. Dkt. No. 86-1 at 3. The defendants say that on December 3, 2024, they responded by email and objected to producing Schmaling for deposition, and the plaintiff changed the notice to a request to depose the representative only. Dkt. No. 85 at 2, n.1. They say that the plaintiff's counsel clarified in an email that the deposition notice "is addressed to the Sheriff's Department and Sheriff Schmaling in his official capacity only, so plaintiff is not seeking Sheriff Schmaling's deposition

per se." Dkt. No. 86-2 at 1. The defendants recount that counsel asked to "reserve[] the right" to depose the sheriff if the representatives' testimony was insufficient. Id. They say that the plaintiff deposed Lieutenants Luell and Luther on April 15, 2025. Dkt. No. 86 at ¶¶18–19.

The defendants also contend that the plaintiff has not shown that the evidence she seeks through a deposition of the sheriff is otherwise unavailable. Dkt. No. 85 at 3. They reiterate that the lieutenants "were the County's representative" to discuss "the County's emergency restraint chair policies," which is "the sole topic" on which the plaintiff now seeks to depose the sheriff. Id. The defendants say that these depositions and the plaintiff's other, voluminous discovery requests were adequate to obtain the information she now seeks. Id. Finally, the defendants express concern that the plaintiff's request may be an "apparent attempt at a fishing expedition." Id. at 3–4. They say that the plaintiff should not be allowed additional time to ask the sheriff "irrelevant questions that have already been answered in this case." Id. at 4.

As the defendants argue, high-ranking government officials generally "enjoy limited immunity from being deposed in matters about which they have no personal knowledge." Warzon, 155 F.R.D. at 185. Where the official sought to be deposed does have personal knowledge (which is the case here), "the party seeking to depose the official must demonstrate that (1) the particular official's testimony will result in admissible evidence; (2) the admissible evidence is crucial to the party's case; and (3) the evidence cannot be collected

4
Case 2:22-cv-00344-PP   Filed 08/21/25   Page 4 of 16   Document 93

through another source.[]" Jackson v. Scifres, Case No. 19-cv-1516, 2021 WL 3510805, at *1 (E.D. Wis. July 15, 2021) (citing Warzon, 155 F.R.D. at 185).

The plaintiff's second motion to compel sought responses from Sheriff Schmaling to the plaintiff's first supplemental requests for production of information related to the decedent and to the paper log for the emergency restraint chair in which the decedent died. Dkt. No. 74 at 1–2. The plaintiff withdrew that motion on June 23, 2025, after the sheriff provided supplemental discovery responses. Dkt. Nos. 77, 81. The court recounted in its June 30, 2025 order that the clerk's office had modified the docket to show that this motion had been withdrawn. Dkt. No. 83 at 4. The parties do not address the previous motion to compel, and the plaintiff does not say whether the supplemental responses were insufficient to provide the information that she now seeks by deposing Scheriff Schmaling. Nor does she say whether other discovery methods—including depositions of the lieutenants, interrogatories, requests for production, supplemental requests for production (which mooted the second motion to compel) and requests to admit—were insufficient to obtain the information she now seeks.

Not only did the plaintiff name the sheriff as a defendant in the March 2022 complaint, but she alleged that Schmaling knew officers at the Racine County Jail had received inadequate training in the use of the restraint chair that led to the decedent's death and then lied about the cause of his death. See Dkt. No. 1 at ¶¶9, 44–46. The complaint asserts a Monell claim against Schmaling based on these allegations. Id. at ¶¶71–76. The parties identified

5

Schmaling as the first individual defendant in their July 2022 Rule 26(f) plan. Dkt. No. 22. It seems that the sheriff would be among the first persons that the plaintiff would seek to depose, yet the plaintiff waited until November 27, 2024 to notice a Rule 30(b)(6) deposition of Sheriff Schmaling and a representative of the Racine Sheriff's Department. (Dkt. No. 86-1).

By early December 2024, the plaintiff knew that the defendants objected to voluntarily producing Sheriff Schmaling for deposition. But upon learning of that objection, she did not file a motion seeking to depose Schmaling. Instead, she withdrew the request and deposed only Lieutenants Luell and Luther on April 15, 2025; it was during that deposition that Luell testified about Schmaling's involvement in revising the policy for emergency restraint chairs. At that time, the discovery deadline was May 12, 2025. Dkt. No. 70. But even though only a month remained until the close of discovery, the plaintiff did not seek to depose Schmaling in April 2025. Nor did the plaintiff again ask defense counsel to produce Schmaling for a deposition. Instead, the plaintiff sought an extension of the discovery deadline to depose the defendants' *expert witnesses* and to disclose rebuttal opinions. Dkt. No. 83 (citing Dkt. No. 73). As the court has recounted, the court granted that request and extended the discovery deadline to August 22, 2025. Id. at 4. It was not until July 7, 2025—nearly three months after the plaintiff's counsel deposed Lieutenants Luell and Luther and only forty-five days before the extended deadline for closing discovery—that the plaintiff again asked defense counsel to produce Schmaling for a deposition. Three weeks later, the plaintiff filed this motion seeking to compel

Schmaling to appear for a deposition—after defense counsel again had objected to the request and only twenty-four days before the **<u>final</u>** discovery deadline of August 22, 2025.

It may be that the information the plaintiff seeks is admissible and important to her case. But the plaintiff does not explain why she could not have obtained this information earlier and through less burdensome means. Nor does she explain why this information was not available from another source, including the lieutenants whom she did depose or the various discovery requests she has sent (or could have sent) to the sheriff over the last three years. Even if the plaintiff had provided these explanations, she has not explained why she waited until now to ask the court to compel Sheriff Schmaling to appear for a deposition when she has known for seven months that defense counsel would not voluntarily produce him, has known for at least three months that the deposition testimony of the lieutenants suggested a need to depose Schmaling and has known (or should have known) since the inception of this case that he likely had knowledge about topics related to the claims in the case.

The delays in this case have been extensive. That is why the court stated in the June 30, 2025 order that the current deadlines were final. Dkt. No. 83 at 4. And that was at least the second time that the court told the parties that the deadlines were final. <u>See</u> Dkt. No. 66 (minutes from Nov. 22, 2024 status conference stating that parties "must provide the court with a proposed final scheduling order"); Dkt. No. 70 (adopting "the final deadlines that the parties proffered in their proposed order" and setting final discovery deadline of May

12, 2025). The plaintiff should not have anticipated continued extensions of these deadlines and should have sought to compel the sheriff's deposition when she first became aware that the defendants objected to producing him voluntarily. At a minimum, the plaintiff could have sought this deposition immediately after the April 15, 2025 depositions of the lieutenants, which she says was the event that made her aware that the sheriff had additional, personal knowledge related to the policies underlying her Monell claim. The plaintiff's lack of diligence in scheduling and securing this deposition warrants denying her motion to compel. See Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (citing Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir. 1985)) (finding district court did not abuse discretion in denying plaintiff's request for additional Rule 30(b)(6) discovery where plaintiff failed to provide reason for delay in taking timely deposition).

The plaintiff has not shown that Sheriff Schmaling's testimony would result in crucial, admissible and otherwise unavailable evidence and has not provided a reason for her delay in seeking to depose him. The court will deny the plaintiff's third motion to compel, asking the court to compel Schmaling to appear for a deposition.

## II. Plaintiff's Civil Local Rule 7(h) Expedited Non-Dispositive Fourth Motion to Compel (Dkt. No. 88)

On August 7, 2025—fifteen days before the August 22, 2025 discovery deadline—the court received the plaintiff's fourth motion to compel. Dkt. No. 88. The plaintiff says that on June 10, 2025, she served a supplemental request for production on the Sheriff's Department. Id. at ¶2. Request "D" sought

production of "all citizen, detainee, and inmate complaints alleging (1) excessive force by employees and/or agents of the Racine County Sheriff's Department and/or (2) failure to provide adequate medical care" for the ten-year period between May 28, 2011, and May 28, 2021. Id. at ¶3. The plaintiff asserts that these documents are relevant to her Monell claim against the sheriff because they constitute evidence "of prior instances of the same problem arising where the government defendant acquiesced to the misconduct." Id. at ¶6 (citing Calhoun v. Ramsey, 408 F.3d 375, 380 (7th Cir. 2005)).

On July 14, 2025, defense counsel responded to the plaintiff's supplemental request and objected that Request D was "overbroad with respect to timeframe," "unduly burdensome" and "impermissibly vague." Id. at ¶3. On July 24, 2025, plaintiff's counsel emailed defense counsel requesting the same information but for only the five-year period of May 28, 2016 through May 28, 2021. Id. at ¶4; Dkt. No. 88-4 at 3. Counsel requested a response to the plaintiff's discovery request by August 4, 2025. Dkt. No. 88-4 at 3. Defense counsel objected that the request remained "too overly broad" and could not reasonably be produced in "[s]ix working days." Id. at 2. The plaintiff says that her counsel then "further clarif[ied] the language for the request" in another email on July 25, 2025. Dkt. No. 88 at ¶4. The July 25 email shows that counsel stated that the plaintiff was requesting "documents alleging or showing that the Sheriff's Department and its employees/agents failed to provide adequate medical care and failed to procure adequate outside medical care." Dkt. No. 88-4 at 2. The plaintiff's counsel asked defense counsel to schedule a

9

Case 2:22-cv-00344-PP   Filed 08/21/25   Page 9 of 16   Document 93

call that day, over the weekend or the following Monday at a scheduled deposition. Id. The plaintiff says that the defendants still did not supplement their response or provide additional documents. Dkt. No. 88 at ¶5.

The defendants oppose the plaintiff's motion. Dkt. No. 91. They recount that when they objected to the plaintiff's supplemental request, they pointed to 127 pages of documents that "related to six separate occurrences and eight individual inmates." Id. at 2 (citing Dkt. No. 88-2 at 3). The defendants assert that the plaintiff's "'clarification'" and reduction of the request to five years "did not narrow the scope of its [sic] request whatsoever or make the request any less vague." Id. The defendants also mention the plaintiff's request of "a turnaround of six business days," explaining that defense counsel was out of the office that weekend and had an automated email response stating as much. Id. at 2–3. The defendants assert that plaintiff's counsel said nothing about the supplemental requests during or after the depositions counsel conducted on July 28 and 29, 2025. Id. at 3. The defendants contend that the plaintiff failed to fulfill her requirement to meet and confer under the Civil Local Rule 37 (E.D. Wis.), and that the defendants "figured the issue was no longer important to the Plaintiff." Id.

Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute were unsuccessful. That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. The email

10

Case 2:22-cv-00344-PP    Filed 08/21/25    Page 10 of 16    Document 93

correspondence between the plaintiff's counsel and defense counsel on July 24 and 25, 2025 satisfies Rule 37 and shows that the plaintiff attempted to informally resolve this discovery dispute before seeking court intervention.

But the court will deny the plaintiff's motion. Under Fed. R. Civ. P. 34, a party may request "any designated documents or electronically stored information" that is "relevant to any party's claim or defense and proportional to the needs of the case," as stated in Rule 26(b). Fed. R. Civ. P. 34(a)(1)(A), 26(b)(1). A request to produce "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The court may limit a discovery request if 1) the court determines that the request seeks information that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" 2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or 3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). A discovery request may be overly broad or unduly burdensome if it uses terms "such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 261 (E.D. Wis. 2013) (quoting In re Urethane Antitrust Litigation, Case No. 04–MD–1616, 2008 WL 110896, *1 (D. Kan. Jan. 8, 2008)). This kind of "broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." Id.

The court agrees with the defendants that the plaintiff's Request "D" was overly broad and unduly burdensome. The plaintiff's Monell claim alleges that the Sheriff's Department had "a pattern and practice" of using "a dangerous method of pushing an inmate forward, cutting off the air flow to control inmate and routinely using excessive force with people held in custody." Dkt. No. 1 at ¶72. The plaintiff's supplemental Request "D" sought ten years' worth of complaints filed by any person, incarcerated or not, alleging excessive force or failure to provide adequate medical care against an employee or agent of the Racine Sheriff's Department. The plaintiff did not limit her requests to the defendants in this case or to the types of allegations contained in the complaint, nor did she ask for complaints related only to pretrial detainees (the status of the decedent in this case) or others in the custody of the Sheriff's Department. She broadly requested *any* complaint filed by *any* person against *any* employee *or* agent of the Sheriff's Department related to *any* type of excessive force *or* failure to provide adequate medical care. Although the plaintiff later narrowed this request to five years, she still broadly requested "documents alleging or showing that the Sheriff's Department and its employees/agents failed to provide adequate medical care and failed to procure adequate outside medical care." Dkt. No. 88-4 at 2. This "clarification" arguably is broader because it seeks not only *complaints* alleging inadequate medical care but *any document* "alleging or showing" that an employee or agent of the Sheriff's Department failed to "provide" or "procure" adequate medical care. The plaintiff has not demonstrated how such documents, whether complaints or

otherwise, that merely allege inadequate medical care are relevant to her allegations about a custom or practice of excessive force toward people held in custody at the Sheriff's Department.

The defendants also say that although they objected to the plaintiff's request, they nonetheless pointed her to 127 pages of related documents. The plaintiff says that these documents are the same ones the defendants cited in response to two of the plaintiff's other supplemental requests to produce. Dkt. No. 88 at ¶3. The plaintiff's other requests asked to produce information related to nine "incidences of alleged excessive force" that occurred between December 2009 and May 2024 and "all communications showing that the elected sheriff then in office was provided notice of" those past incidences. Dkt. No. 88-1 at 2. The defendants say that the documents they cited relate to six of those other occurrences and eight of the other individuals. Dkt. No. 91 at 2. The plaintiff does not say that (or explain why) these available documents related to other, similar incidents are insufficient information of past instances of excessive force and/or inadequate medical care.

Given the volume of lawsuits filed by incarcerated persons, a request for all documents or complaints alleging excessive force or inadequate medical care against Racine Sheriff's Department staff could be unduly burdensome. The plaintiff could have conducted a search using an online legal search engine, learned the names of specific cases where a plaintiff had alleged excessive force or inadequate medical treatment and requested documents

related to those specific cases. Asking the defendants to do that research for five or ten years' worth of cases was not reasonable.

The court will deny the plaintiff's fourth motion to compel because the information sought in Request "D" was overly broad, unduly burdensome and available from some another more convenient or less burdensome source.

### III. Defendants' Motion to Seal the Deposition Transcript of Lieutenant Michael Luell (Dkt. No. 87)

On August 5, 2025, the court received the Racine County defendants' motion to seal the transcript from Lieutenant Luell's April 15, 2025 deposition, under the court's August 20, 2024 protective order (Dkt. No. 56). Dkt. No. 87.[1] They explain that the transcript "was inadvertently marked in its entirety as 'ATTORNEYS' EYES ONLY,'" but they nonetheless ask that the transcript remain under seal. Id. at ¶3. The defendants state that they will file an unsealed version of this transcript "[i]f the demarcation of 'ATTORNEYS' EYES ONLY' is removed." Id. at ¶4. The plaintiff does not object to the motion. Dkt. No. 89.

Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). A party may move to seal a document under Civil L.R. 79(d)(3), but that motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."

---

[1] The defendants should have filed a motion to restrict public access, rather than a motion to seal. Sealing a document prohibits access to that document by everyone but the court—including the parties. A motion to restrict limits access to the persons or entities specified in the motion.

14

Case 2:22-cv-00344-PP    Filed 08/21/25    Page 14 of 16    Document 93

The defendants have not provided any facts supporting a finding of good cause. They state only that they want the transcript to remain sealed "out of an abundance of caution." Dkt. No. 87 at ¶3.

The court acknowledges that the plaintiff does not oppose the defendant's motion and that the parties stipulated to—and the court issued—a protective order that provides for a transcript of a deposition to be restricted if it "contains information, documents, or other materials that were designated 'CONFIDENTIAL' or 'ATTORNEYS' EYES ONLY' by a third party." Dkt. No. 56 at 8. But the fact that the parties agreed to restrict certain documents does not override the public's "interest in what goes on at all stages of a judicial proceeding." Ramos v. Cont'l Auto. Sys., Inc., Case No. 18-cv-1900, 2020 WL 8617482, at *1 (E.D. Wis. Sept. 3, 2020) (citing Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); and United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015), vacated for further consideration, U.S. *ex rel.* Nelson v. Sanford-Brown, Ltd., 579 U.S. 924 (2016)). The defendants still "must give the court a reason for not disclosing the documents beyond the fact that they don't want them disclosed." Burton v. AMNJ Enterprises, Inc., Case No. 19-cv-164, 2020 WL 3964387, at *1 (E.D. Wis. July 13, 2020) (citing Goesel, 738 F.3d at 835).

The court will deny without prejudice the defendants' motion to seal. If the defendants wish to restrict access to Lieutenant Luell's deposition transcript to the court and the parties, they may file a motion to restrict within twenty-one days of the date of this order, providing the requisite good cause

15
Case 2:22-cv-00344-PP   Filed 08/21/25   Page 15 of 16   Document 93

and limiting their request to the relevant portion of the transcript to be restricted, if applicable. If the defendants do not file a motion by the deadline, the clerk will unseal the deposition and make it available for viewing by the public.

## IV. Conclusion

The court **DENIES** the plaintiff's third motion to compel. Dkt. No. 84.

The court **DENIES** the plaintiff's fourth motions to compel. Dkt. No. 88.

The court **DENIES WITHOUT PREJUDICE** the defendants' motion to seal Lieutenant Luell's deposition transcript. Dkt. No. 87.

The court **ORDERS** that if the defendants want the court to restrict access to Lieutenant Luell's deposition transcript, they may, by the end of the day on **September 12, 2025**, file an amended motion to restrict that complies with this order.

Dated in Milwaukee, Wisconsin this 21st day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**