UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERRY JAMES,

                Plaintiff,

v.                                                           Case No. 22-cv-344-pp

RACINE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S FIFTH MOTION TO COMPEL (DKT. NO. 95), GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITIONS (DKT. NO. 96), GRANTING DEFENDANTS' MOTION FOR JOINDER (DKT. NO. 99), GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION (DKT. NO. 101), GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 103) AND SETTING DEADLINES FOR PARTIES TO COMPLETE EXPERT DEPOSITIONS AND FILE DISPOSITIVE AND/OR <u>DAUBERT</u> MOTIONS**

---

On August 21, 2025, the court denied the plaintiff's third and fourth motions to compel and denied without prejudice the defendants' motion to seal. Dkt. No. 93. The court left unchanged the requirements that the parties complete discovery by August 22, 2025 and that they file dispositive and/or <u>Daubert</u> motions by September 22, 2025. <u>Id.</u>

Since the court entered that order, the August 22, 2025 deadline for the parties to complete discovery passed. At that deadline, the plaintiff filed her *fifth* motion to compel discovery. Dkt. No. 95. Three days later, on August 25, 2025, defendants Crystal Kristainsen and MEnD Correctional Care PLLC filed an expedited motion for an order compelling the plaintiff to produce her rebuttal experts for deposition. Dkt. No. 96. The Racine County defendants

moved to join that motion. Dkt. No. 99. On September 2, 2025, the plaintiff filed her *sixth* motion to compel, asking the court to order the County defendants to produce their expert witness for deposition. Dkt. No. 101. Finally, on September 5, 2025, the Racine County defendants moved for leave to file summary judgment documents in excess of the page and paragraph limits set in the court's Civil Local Rules. Dkt. No. 103.

On September 15, 2025, the court entered a text only order staying the September 22, 2025 dispositive motions deadline and prohibiting the parties from filing dispositive motions until it had ruled on the pending motions. Dkt. No. 112. This order addresses those motions, sets a deadline for the parties to complete depositions of all expert witnesses and a deadline for the parties to file Daubert and/or dispositive motions.

I.  **Plaintiff's Fifth Motion to Compel (Dkt. No. 95)**

The plaintiff seeks an order striking the objections of the County defendants to the plaintiff's requests for admissions and compelling those defendants "to provide unqualified responses to certain Requests to Admit." Dkt. No. 95 at 1. The plaintiff says that her requests to admit serve as "the foundation for admission into evidence of body worn camera videos and business documents that were produced by the Sheriff in discovery to shorten the duration of trial and narrow the issues for trial." Id. at ¶2. She asserts that the defendants refused to admit "that the videos fairly and accurately reflect what the videos show and that the policies and other documents produced by the Sheriff from its own records fit the business records exception to the

hearsay rule." Id. at ¶3. She asserts that the defendants instead "made multiple improper objections and failed to simply admit or deny the entirety of the majority of the Requests." Id. The objections include that the requests "are 'not separately stated as required by Fed. R. Civ. P.36(2) [*sic*].'" Id. at ¶4 (quoting Dkt. No. 95-1). The plaintiff asserts that each of her requests properly contained "a simple, direct request that can be admitted or denied." Id. The defendants also objected to requests to admit that the videos "are 'authenticate records' because Defendants claim it is unclear what this phrase means." Id. at ¶5. The plaintiff calls this objection "meritless." Id. The plaintiff says that the defendants improperly "'state that the videos speak for themselves'" but then assert that "'generally speaking, videos have limitations in capturing the totality of events.'" Id. at ¶6 (citing Dkt. No. 95-1).

The plaintiff asks the court to order the defendants to admit or deny her requests to admit the contents of the videos that the defendants produced. Id. She asserts that the court should order the defendants to admit or deny that certain business records fall under the business records exception to the hearsay rule (Federal Rule of Evidence 803(6)). Id. at ¶7. The plaintiff asks the court to order the defendants to respond to questions about the date of body worn camera video over their objections that the requests are "'impermissibly vague as to timeframe'" and that they have no knowledge of the authenticity of these videos. Id. at ¶¶8–9 (citing Dkt. No. 95-1). The plaintiff's counsel says that he conferred with defense counsel about these concerns "but was unable to reach accord." Id. at ¶10.

The defendants respond that their objections are valid and were made in response to the plaintiff's "poorly authored requests to admit." Dkt. No. 107 at 1. The defendants assert that they properly objected to the plaintiff's requests to admit the authenticity of "125 potential exhibits in just 7 requests." Id. at 2. They contend that the plaintiff should have submitted one request for each exhibit she sought to authenticate. Id. The defendants assert that the plaintiff's requests to admit that certain videos were "authenticate records" was unclear and cannot be excused as "an obvious typo for authentic." Id. (quotation omitted). The defendants state that they were not required "to assume the asking party meant something else within a request or to guess at whether the asking party proofread their pleading." Id. The defendants assert that they properly responded that the videos "speak for themselves" and properly noted the limitations of those videos. Id. at 3. They contend that the plaintiff's use of "at or near the time" in her requests to admit the authenticity and timing of certain videos rendered those requests "unintelligible" and "was impermissibly vague" because the plaintiff never defined what "the time" was. Id. The defendants belabor this point, describing the plaintiff's request for the court to order the defendants to admit these requests "a dangerous road that this Court simply cannot go down." Id. 4. The defendants withdraw their objection that defendants Sergeant Justin Brands and Officer Adrian Payne are not qualified to testify about the defendants' business records, though counsel says that the requests remain "subject to valid objections." Id. The defendants end their response by asserting that the plaintiff has had more than enough time to lay

proper foundation for the videos and to serve adequate written discovery but has not done so. Id. at 4–5.

The plaintiff replies by reiterating that the defendants should be required "to admit or deny the foundation for the body worn camera videos they disclosed," despite their objection that Rule 36(a)(2) "requires '[e]ach matter must be separately stated' in requests to admit." Dkt. No. 115 at 2 (quoting Fed. R. Civ. P. 36(a)(2)). The plaintiff asserts that the defendants knew what she was asking when she stated in her request to admit that videos were "authenticate records." Id. at 2–3. The plaintiff maintains that the defendants have improperly objected to her request to admit "that the body worn camera footage fairly and accurately shows the events depicted in the video," asserting that the court should order the defendants to "come clean and admit the foundation for the body worn camera videos they and the other correctional officers recorded and produced in discovery." Id. at 3. The plaintiff maintains that the court should order the defendants to admit that the business records they provided meet the exception to the rule against hearsay. Id. at 3–4. Finally, the plaintiff disagrees with the defendants' characterization of her request to admit the time of each body worn camera video, asserting that the videos do not contain a timestamp and require the defendants to provide the foundation for those videos. Id. at 4.

The court will deny the plaintiff's motion. The plaintiff's requests frequently were unclear and overly broad. The court recognizes that it would be burdensome for the plaintiff to separately ask the defendants to admit the

authenticity of each of these exhibits or videos. But the plaintiff's requests for the defendants to admit the authenticity of body worn camera videos (as a category) did not strictly comply with Rule 36(a)(2), which requires the party serving the request to separately state each matter "'on which an admission is requested.'" Leon v. Ind. Univ. Health Care Assocs., Inc., Case No. 22-CV-00937, 2023 WL 2456326, at *1 (S.D. Ind. Mar. 10, 2023) (quoting Wright, Miller, & Marcus, 8B Fed. Prac. & Proc. Civ. §2258 (3d ed); see LPP Mortg. Ltd. v. Hartzell, Glidden, Tucker & Hartzell, Case No. 08-1303, 2010 WL 11553008, at *1 (C.D. Ill. May 3, 2010) (quoting Herrera v. Scully, 143 F.R.D. 545, 546 (S.D.N.Y. 1992)) ("Requests should be 'direct, simple and limited to [a] singular relevant fact' so that the request can be admitted or denied without explanation.").

    The defendants' semantic argument that they did not know what the phrase "authenticate recordings" meant is disingenuous. The plaintiff identified the recordings for which she sought admissions and stated that they were "video and audio taken by the body worn camera of the relevant Sheriff employee for the date and time indicated in each video." Dkt. No. 95-1 at 1. That information was sufficient to advise the defendants which videos the plaintiff was referencing and seeking to authenticate. The plaintiff's use of "authenticate" instead of "authentic," whether a typo or not, did not render her request indecipherable or unanswerable. If the defendants truly did not understand what the plaintiff meant by using the verb "authenticate" rather than the adjective "authentic," the defendants could have sought a clarification

of that phrase, perhaps by contacting the plaintiff's counsel by email or phone, rather than objecting to the request as unclear. That might have saved the parties (and the court) significant time.

Nonetheless, the defendants stated that "all documents produced by these answering defendants in discovery are authentic." Dkt. No. 95-1 at 2. That statement confirmed that the videos (and business records) were authenticated videos and records, which should "shorten the duration of trial and narrow the issues for trial" as the plaintiff says she sought to do. It is not clear to the court why this response was unsatisfactory to the plaintiff. The court will not order the defendants to respond further to the plaintiff's requests to admit the authenticity of the body worn camera videos, even though the court does not agree with the defendants' characterization of the "danger" it would invite were it to grant the plaintiff's request. It is sufficient for the defendants to state that the videos speak for themselves subject to the inherent limitations of any video evidence or exhibit.

As for the business records issue, the defendants have conceded that the correctional officers to whom the plaintiff addressed her requests to admit (Sergeant Brands and Officer Payne) are qualified to testify about business records. But it appears that the defendants still have not stated whether these records meet the requirements of the business records exception (or, as the rule is titled, the exception for records of a regularly conducted activity) to the rule against hearsay. The court will not order the defendants to admit whether their evidence meets an exception to the rule against hearsay, however

needless their objection appears. If the case goes to trial, the plaintiff may lay the foundation for the admission of these records at trial. The court encourages the parties to stipulate to the admissibility of any evidence to avoid further unnecessary expenditures of time (theirs and the court's).

**II.     Defendants' Motion to Compel Depositions (Dkt. No. 96) and Motion for Joinder (Dkt. No. 99)**

Defendants Kristainsen and MEnD ask the court to allow them to depose the rebuttal experts that the court's June 30, 2025 (Dkt. No. 83) permitted the plaintiff to name. Dkt. No. 96. The defendants state that the plaintiff did not identify her rebuttal experts (Joseph E. Gunja and Dr. William Spafford Smock) until August 11, 2025 (the deadline for her to identify them), and that each expert "authored a length [*sic*] written report that was disclosed for the first time on August 11, 2025." Id. at ¶¶5–6. The defendants sought to depose these experts before the close of discovery on August 22, 2025, but the plaintiff's counsel did not offer dates for the depositions of these witnesses either before the close of discovery or during a "meet and confer" conference call with defense counsel on August 22. Id. at ¶¶7–9. The plaintiff's counsel instead required "an order from the Court instructing plaintiff to produce those two experts for deposition." Id. at ¶9. The defendants again asked the plaintiff's counsel to depose the rebuttal witnesses, but plaintiff's counsel did not respond to those requests. Id. at ¶¶10–11. The defendants seek a court order permitting them to depose the expert rebuttal witnesses under Federal Rule of Civil Procedure 26(b)(4)(A). Id. at ¶¶12, 20. In the alternative, the defendants ask the court to "issue an order striking both of plaintiff's newly-named rebuttal experts, or

8

Case 2:22-cv-00344-PP     Filed 11/06/25     Page 8 of 20     Document 116

precluding those experts from offering any opinions." Id. at ¶21. The County defendants ask join this motion. Dkt. No. 99.

The plaintiff responds that she "never refused to offer her rebuttal experts for deposition absent a court order," but that the defendants "requested the depositions late in the game, never proposed dates before the discovery cutoff, and then requested that Plaintiff agree to present the experts for deposition after the August 22 discovery cutoff, in violation of the Court's scheduling order." Dkt. No. 100 at 1. She cites Federal Rule of Civil Procedure 29(b) in support of her request that the defendants obtain a court order to extend the discovery deadline to allow the defendants to depose the rebuttal witnesses. Id. The plaintiff asserts that the defendants asked to depose the rebuttal witnesses more than a week after the plaintiff "timely disclosed" their identities on August 11, 2025, so she assumed that the defendants had "strategically decid[ed] not to depose the rebuttal experts." Id. She insists that "the parties cannot cavalierly disregard deadlines imposed by the Court. This is especially the case here because the Court already cautioned that discovery would not be extended again." Id. (citing Dkt. No. 83). The plaintiff again insists that "she will present her experts for deposition so long as she is not requested to violate a Court order in the process." Id. at 3. She states that she does not object "to a brief extension of the discovery cutoff to enable her rebuttal experts (and the County Defendants' expert, Dr. Peters) to be deposed." Id. at 3–4.

The court will grant the defendants' motion and order the plaintiff to present her rebuttal expert witnesses for deposition. Under Rule 26(b)(4)(A),

9

"[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." The rule is not ambiguous. The plaintiff has identified two expert rebuttal witnesses whom she says "will testify and present evidence for plaintiff pursuant to Federal Rules of Evidence 702, 703, and/or 705." Dkt. No. 97-3 at 2. She did not include these experts as potential witnesses in her initial disclosures. Dkt. No. 97-1. Under Rule 26, the defendants are permitted to depose these expert witnesses, unless the plaintiff no longer wishes to present their opinions at trial.

The plaintiff's claim that she refused to allow depositions of her rebuttal experts because the defendants did not timely request them is disingenuous, given the plaintiff's own history of filing motions at or after previous discovery deadlines (including the most recent August 22, 2025 deadline, see Dkt. No. 95). The plaintiff's counsel knew when he demanded a court order allowing the depositions that this court had issued what it emphasized was its *final* deadline for discovery—a deadline the court had been forced to extend multiple times largely because of his previous motions. For counsel now to deny the defendants' request to depose his rebuttal witnesses (whose identities and reports he did not disclose until the last opportunity to do so) because of a professed concern for bypassing or violating the court's scheduling order is, at best, ironic and at worst, hypocritical. The plaintiff then conditioned providing the rebuttal witnesses for deposition on allowing her to depose the County defendants' expert witness, Dr. John Peters, whose initial deposition was cancelled and unable to be rescheduled before the August 22, 2025 discovery

deadline. Dkt. No. 100 at 1, n.1. But the plaintiff had not filed a motion to depose Dr. Peters when she filed her response to the defendants' motion to compel depositions of her rebuttal witnesses. (The court will address the plaintiff's belated motion to allow her to depose Dr. Peters (Dkt. No. 101) below.) The court will not condition the defendants' depositions of the plaintiff's rebuttal expert witnesses on the plaintiff being allowed to depose Dr. Peters. The plaintiff must provide her expert witnesses for deposition *regardless* of whether she is able to depose Dr. Peters.

The court will order the plaintiff to make her rebuttal experts (Joseph Gunja and William Spafford Smock) available for deposition by the deadline the court will set below. The court will grant the County defendants' motion to join the other defendants' motion to compel depositions of the rebuttal expert witnesses. Dkt. No. 99. All defendants may depose the plaintiff's rebuttal experts according to the schedule the court will provide at the end of this order.

### III. Plaintiff's Motion to Compel Deposition (Dkt. No. 101)

The plaintiff filed what she docketed as an "additional motion for extension of time." Dkt. No. 101. But this motion actually seeks to compel the County defendants to produce their expert witness, Dr. Peters, for a deposition. Id. at ¶1. The plaintiff reiterates that Dr. Peters cancelled his deposition scheduled for July 31, 2025, and the defendants were unable to provide a new deposition date before the August 22, 2025 discovery deadline. Id. The parties nonetheless scheduled Dr. Peters's deposition for August 29, 2025, but the defendants cancelled it again. Id. The plaintiff says that she asked the County

defendants to move to extend the August 22 discovery cutoff "because Plaintiff did not want to violate the Court's scheduling order." Id. at ¶5. The County defendants, likely also unwilling to violate the court's scheduling order, did not move to extend the discovery deadline and "stated they would not produce Dr. Peters unless Plaintiff produced her rebuttal experts for deposition." Id. at ¶6. The plaintiff did not agree to present her rebuttal experts for deposition, so the County defendants did not present Dr. Peters for deposition on August 29. Id. The plaintiff asserts, "The proper remedy where a party is recalcitrant and fails to appear for deposition up through the discovery cutoff is to enter an order compelling the deposition and extending the discovery cutoff solely for that deposition to be completed." Id. at ¶7 (citing Koerts v. MCI Telcoms. Corp., 1996 U.S. Dist. LEXIS 7866, at *5 (N.D. Ill. 1996)). The plaintiff contends that the court should order Dr. Peters to appear for deposition "on a date certain" and that it should extend the discovery deadlines "solely to complete this deposition." Id. at ¶8. Alternatively, she asks the court to bar the County defendants from relying on Dr. Peters's opinion. Id. at ¶9.

    Defendants Kristainsen and MEnD responded to the plaintiff's motion, even though Dr. Peters is not their expert witness. Dkt. No. 102. They begin by asserting that the plaintiff's motion "continues to elevate form over substance." Id. at 1. Defense counsel recounts the "enormous amount of work" that the parties have "dedicated . . . to this case" and asserts that "none of the parties are actually opposed to scheduling and completing these final three expert depositions." Id. at 2. Counsel says that his goal was to allow the parties to

12

Case 2:22-cv-00344-PP  Filed 11/06/25  Page 12 of 20  Document 116

complete all depositions in time to file dispositive and Daubert motions by September 22, 2025. Id. He states that whether through extended discovery or an order from the court to conduct the depositions, "the parties simply need to get these final expert depositions completed." Id. at 2–3. Counsel maintains that "[s]cheduling has been difficult for the parties," but that "[t]hese depositions could have, and should have, been scheduled between the parties and completed without the necessity of involving the Court." Id. at 3. These defendants do not object to the court granting the plaintiff's motion and allowing her to depose Dr. Peters, but they object "to an order that would permit the plaintiff to depose Dr. Peters only, while denying to the defendants the opportunity to depose plaintiff's two newly-named rebuttal experts." Id. (underlining in original).

The County defendants begin their response by accusing the plaintiff of "simply refusing to cooperate without being ordered to do so by the Court." Dkt. No. 105 at 1–2. Predictably, the defendants take issue with the plaintiff's characterization of the events, asserting that Dr. Peters was unavailable for the July 31 deposition because he was testifying in another trial "that should have been concluded, but emergency rearrangements had to be made due to an outbreak of covid among the jury." Id. at 2. The defendants recount the difficulties the parties faced attempting to reschedule Dr. Peters's deposition, most of which they blame on the plaintiff. Id. The defendants object to the plaintiff's alternative request that the court bar Dr. Peters as a witness, pointing to the plaintiff's "attempt to block depositions of [her] 'rebuttal'

witnesses." Id. at 2–3. The County defendants state that they "are amenable to working with Plaintiff to schedule the deposition of Dr. Peters, but Plaintiff refuses to extend similar courtesies." Id. at 3. They close by opposing the motion and "apologiz[ing] that the Court has had its time wasted by this avoidable motion." Id.

For the reasons the court explained above regarding the plaintiff's rebuttal expert witnesses, the court will grant the plaintiff's motion and order the County defendants to present Dr. Peters for deposition on a date that the parties agree on. See Fed. R. Civ. P. 26(b)(4)(A). The court will not choose a date on which the deposition(s) must occur; that is up to the parties to determine *collaboratively* and by *working together*. The court encourages the parties to follow the guidance that the plaintiff provided in her motion and "to cooperate with discovery, not to obstruct it." Dkt. No. 101 at ¶7 (quoting Koerts, 1996 U.S. Dist. LEXIS 7866, at *5). The parties may not conduct discovery on any matter outside these depositions, and the court will not extend the deadline for the parties to complete the depositions.

**IV. Defendants' Motion for Leave to File Excess Pages (Dkt. No. 103)**

The County defendants seek leave to file a summary judgment brief and a statement of proposed facts in support of a motion for summary judgment in excess of the page and paragraph limits in the court's Civil Local Rule 56. Dkt. No. 103. The County defendants state that they intend to raise "several defenses and immunities" to the plaintiff's claims, "some of which require substantial analysis of relatively complex constitutional or statutory issues." Id.

at ¶1. The limits in the court's Civil Local Rules are thirty pages for a principal brief and 150 statements of proposed fact. Id. at ¶2 (citing Civil Local Rules 56(b)(1)(C)(2) and (b)(8)(A) (E.D. Wis.)). The County defendants ask for "leave to file a principal brief of up to 55 pages and up to 250 statements of fact." Id. at ¶4.

The plaintiff "objects to the motion." Dkt. No. 110 at 1. She asserts that "the relevant facts will overlap" for the multiple claims that she has asserted against the County defendants, and she believes that "150 statements of individual facts will therefore be sufficient for the County Defendants to address any issues related to their motion for summary judgment." Id. The plaintiff contends that the thirty-page limit for the brief "already gives ample space for the County Defendants to address all facts and legal issues at stake in the case." Id. at 2. Plaintiff's counsel posits that, "Speaking from experience, the more pages an attorney gets to make argument, the more inefficient the prose becomes." Id. Alternatively, the plaintiff asks that if the court grants the County defendants' motion, it also "provide Plaintiff leave to file a brief of the same amount of pages as that provided the County Defendants, and a similar amount of statements of fact." Id. The plaintiff also requests fifty days (as opposed to the thirty days allowed in Civil L.R. 56(b)(2)) to respond to the County defendants' motion for summary judgment. Id.

Under Civil L.R. 56(b)(7), "A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that

an increase is warranted." The dispositive motion deadline was September 22, 2025, and the County defendants filed their motion for leave to file excess pages on September 5, 2025—well in advance of that deadline. The motion is well reasoned and sensible, given the number of defendants and claims in the lawsuit. The court will grant this motion. The County defendants may file a principal brief in support of their motion for summary judgment that is *no longer* than fifty-five pages in length and may file *no more than* 250 statements of proposed fact in support of their motion. The court advises the County defendants that the fact the court is allowing them to file 250 separate statements of proposed fact does not require them to meet that maximum; the County defendants should consider their proposed facts carefully and include only those proposed facts that are *material and necessary* to the court's decision on their motion for summary judgment.

      The plaintiff's vehement opposition to the County defendants' motion appears to boil down to counsel not wanting to read a brief longer than thirty pages or to respond to more than 150 statements of proposed fact. Although the court empathizes, these are insufficient bases for opposing the County defendants' timely motion. More concerning, the plaintiff again attempts to condition the court's grant of relief on her receiving something in return. This time, the plaintiff asks that the court grant her leave to file an oversized opposition brief and statements of proposed fact, even though she does not yet know to what she is responding. But the plaintiff does not request a specific number of additional pages and facts; she asks that the court allow her to file

16

Case 2:22-cv-00344-PP   Filed 11/06/25   Page 16 of 20   Document 116

"a brief of the same amount of pages as that provided the County Defendants, and a similar amount of statements of fact." Dkt. No. 110 at 2. Presumably, the plaintiff is asking to file a response brief that is up to fifty-five pages in length because Civil L.R. 56(b)(8)(A) states that both a principal brief and a brief in opposition to a motion for summary judgment "must not exceed 30 pages." But the plaintiff does not mention that under Civil L.R. 56(b)(2)(B)(ii), a responding party "may not file more than 100 separately-numbered statements of additional facts." That is fewer than the 150 statements of fact that a moving party is allowed. See Civil L.R. 56(b)(1)(C)(ii). Is the plaintiff seeking permission to file 200 statements of additional proposed fact? Or does she want permission to file 250 statements of fact because the County defendants asked leave to file 250 statements of fact? How can the plaintiff know how many additional statements of fact she will need when she has not yet received the County defendants' motion? The plaintiff does not answer these questions, and the court will not guess at the answers.

The court will not grant the plaintiff's request to file excess pages and statements of fact, nor will it grant her premature request for additional time to respond to the County defendants' not-yet-filed dispositive motion. After the County defendants have filed their motion for summary judgment (which, under this order, will not be due for several months), the plaintiff may, *if necessary*, file a motion seeking leave to file an oversized brief and/or more than 100 statements of additional fact in response to the County defendants' motion. The plaintiff must be specific with her requests and must file any

<tr>17</tr>

motion requesting to file excess pages or statements of fact well in advance of her deadline to respond to the defendants' dispositive motions.

The court anticipates that dispositive motions will be lengthy and detailed. The court encourages all parties to limit their briefs, evidence and statements of fact in support of, or opposition to, summary judgment where possible to avoid needless information and statements of fact that are not material to the legal issues in the case.

**V.     Conclusion**

The parties' briefs in support of these motions illustrate the finger-pointing and puerile arguing that has come to define this litigation. The plaintiff accuses defense counsel of not responding to her purportedly proper discovery requests, only for defense counsel to retort that the requests are poorly written and indecipherable. The defendants accuse the plaintiff of refusing to cooperate with discovery only for the plaintiff to accuse the defendants of the same. Both sides attempt to condition making their expert witness(es) available for deposition on the court ordering the other side to present theirs. This senseless bickering has extended this litigation by *years*, and the case still is not yet resolved. The parties' apparent inability to cooperate and work together amicably is why the court has had to provide multiple "final" deadlines, only for the parties to blow past each one with motions complaining about the actions of the other side. Counsels' sophomoric insistence on volleying insults has only made the court's job more time-consuming, because the court has had to weed through the mudslinging to

determine the legal bases for the parties' challenges and responses. This "civil" litigation has been anything but, and the needless squabbling must stop.

The court will deny the plaintiff's fifth motion to compel but will grant the parties' motions to depose each other's expert witnesses. The court will grant the County defendants' motion for joinder and for leave to file excess pages and statements of fact with their summary judgment materials. The court will set deadlines for the parties to arrange and complete the depositions of their expert witnesses. If the parties do not comply with this order, fail to provide good reason why the depositions cannot be completed by the date that the court sets or fail to timely file dispositive and Daubert motions, the court may issue sanctions.

The court **DENIES** the plaintiff's fifth motion to compel. Dkt. No. 95.

The court **GRANTS** defendants Crystal Kristainsen and MEnD Correctional Care PLLC's expedited motion to compel the plaintiff to produce her rebuttal experts for deposition. Dkt. No. 96.

The court **GRANTS** the County defendants' expedited motion for joinder. Dkt. No. 99.

The court **GRANTS** the plaintiff's motion to compel the deposition of Dr. Peters. Dkt. No. 101.

The court **GRANTS** the County defendants' expedited motion for leave to file excess pages. Dkt. No. 103. The court **DENIES** the plaintiff's request to file an oversized brief or excess statements of additional fact. Dkt. No. 110.

The court **ORDERS** that the parties must arrange for the depositions of Joseph E. Gunja, Dr. William Spafford Smock and Dr. John Peters sufficiently early so that all depositions are **<u>completed</u>** by the end of the day on **January 23, 2026**. The court will not extend this deadline.

The court **ORDERS** that the parties may not conduct discovery on any matter outside of these depositions.

The court **ORDERS** that the parties may file dispositive motions and/or <u>Daubert</u> motions by the end of the day on **March 6, 2026**. The court will not extend this deadline.

Dated in Milwaukee, Wisconsin this 6th day of November, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**